ALFRED FAUCETT & another *vs.* JANE A. CURRIER.

Suffolk.　March 4. — March 5, 1874.　WELLS & ENDICOTT JJ., absent.

In an action against a married woman for breach of a written agreement for the purchase of land sold to her by auction, parol evidence that the plaintiff requested her to bid on the property as an under-bidder and told her that she would not be bound to take the property, but might if her husband desired, and that she did not read the agreement or know its contents when she signed it, does not show any fraud practised on third persons, or any illegal contract between the plaintiff and defendant, and is inadmissible.

CONTRACT for breach of the following agreement signed and sealed by the defendant, a married woman, under date of June 9, 1870:

" I hereby acknowledge that I have purchased by public auction, house and lot 29 on Beethoven Street for the sum of six thousand dollars, and have paid into the hands of G. F. Hunting & Leavitt, auctioneers, the sum of one dollar as a deposit, and in part payment of the purchase money, and I hereby agree to pay the remaining sum of　　　　　in to the vendor on or before the 18th day of June, and in all respects on my part to fulfil the conditions of sale."

After the decision reported 109 Mass. 79, the case was heard in the Superior Court, without a jury, by *Rockwell*, J., who rejected the following evidence offered by the defendant, and gave judgment for the plaintiff.　The defendant excepted.

" The defendant offered to prove that she had known one of the plaintiffs intimately for many years ; that she met him on the premises on the morning of the sale, when he stated to her that the property was limited at, and would not be sold for less than, $6,500, and requested her to bid thereon as an under-bidder, representing that it would aid him in making a sale ; that she then also stated to the plaintiff that she had not spoken with her husband in regard to the purchase of said property ; that the plaintiff stated to her before the sale, and after she had signed said agreement, that she need not and would not be bound to take the property, but might do so if her husband desired ; also, that she did not read or know the contents of said agreement when she signed the same."

*J. W. Hubbard*, for the defendant. The request of the plaintiffs to the defendant, to bid at the auction sale, created an agency, and she is not liable to them on this agreement. Underbidding at a sale is illegal ; and if the defendant bid, as an underbidder, at the request of the plaintiffs, or one of them, and to aid them in making a sale, it was illegal, and as the plaintiffs participated in this illegal act, they cannot take advantage of their own wrong. It was competent for the defendant to show that the whole transaction, including, of course, the agreement signed by the defendant, was illegal and void.

*D. C. Linscott*, for the plaintiffs.

GRAY, C. J. The exact question now presented was argued and decided when the case was before this court at a former stage. 109 Mass. 79. The offer of evidence fell short of showing any fraud practised on third persons or any illegal contract between the plaintiffs and defendant, and amounted to no more than an attempt of the defendant to control the effect of her formal agreement in writing by oral testimony of previous negotiations.

*Exceptions overruled.*