GALVESTON, H. & S. A. R. R. Co. v. Pfeuffer & Ireland.

(Case No. 3718.)

1.. DEED — PAROL EVIDENCE.— Parol evidence will not be heard to defeat a right to land conveyed by deed when its object is to establish a condition subsequent.

2. GRANT — CONDITIONS.— The absolute grant, by deed, of right of way to a railway company is not defeated by the failure of the company to comply with conditions on which the grant was obtained, there being no charge of fraud.

3. DAMAGES — RIGHT OF WAY.— When land is appropriated by a railway company in the construction of its road-bed, without recourse to the method pointed out for the condemnation of the same, the right of the owner to compensation is not waived by his standing by and permitting the company to construct its road over his land. Neither is his right to recover the land lost if the company refuses to make compensation.

4. DAMAGES.— An action for damages against a railway company for injury resulting from running trial lines over land cannot be maintained by a subsequent purchaser.

5. DAMAGES — MEASURE OF DAMAGES.— One who executed an absolute grant of the right of way to a railway company, in consideration of one dollar paid, and of enhanced value to result to his property by the construction of the road, claimed damages for the breach of a collateral verbal agreement by which a terminal depot should be established at a particular point, which was not done. *Held*, ·

(1) That the measure of his damages would have no relation to the value of the land, but would be determined by the injury to the grantor, caused by the erection of a depot at another point, and the failure to deliver passengers and freight at the point agreed on for a terminal depot.

APPEAL from Guadalupe.    Tried below before the Hon. E. Lewis.

Suit by Pfeuffer & Ireland against appellant, alleging that appellant had forcibly taken possession of and evicted appellees from their land; that defendant had already greatly damaged appellees in cutting and filling said property and in divers ways destroying its value; that the line of the road was then located and established from east to west across the land the entire distance, thereby partially injuring the same in value and usefulness; that the company was then in the act of making another survey; in fact had run a line, and were in the act of cutting the property in two by running another line and establishing another railway at right angles with their other line, running from south to north, which, if accomplished, would well nigh destroy the value of the property. That the portion then seriously threatened by the company was the north half of the league; and if the

purpose of the company was accomplished, it would damage petitioners in the sum of at least $10,000; that the damage already done to petitioners' property was at least $5,000, and they prayed judgment for their damages.

The defendant demurred generally, pleaded a general denial, and that Ireland, one of the plaintiffs, released in writing the right of way to defendant for its road.

Plaintiffs amended, and said that the deed from Ireland for the right of way, if there was any, was without consideration and void, and given, if at all, on the express condition and understanding that defendant would make no depot at the Guadalupe river west of Seguin, but that it would deliver all freight and passengers at Seguin until a depot could be established west of the river, and that this agreement was broken by the defendant as soon as it obtained the deed; that the deed never was intended to convey any but Ireland's interest in the land, which was a two-thirds interest; that the other third did not belong to Ireland, which defendant knew, but belonged to Lawler's heirs, but had since been bought by Pfeuffer.

Defendant moved to strike out the amended petition because it sought to set up an agreement different from that set up in the deed of release.

Demurrer of defendant overruled; also motion to strike out amended petition, and judgment for plaintiff for $650; the verdict reciting that $275 and $36.66 interest was for the land taken for right of way, $288.34 for damages to the land through which the road passed, and $50 damages for lineal surveys; and that if the judgment was not paid in sixty days after adjournment of court, for the clerk to issue a writ of possession to put plaintiff in possession of the land. No allegation of fraud was made.

The deed from Ireland dated August 3, 1876, "in consideration of enhanced value to be given and is con-

templated to arise to his land and other property by location and construction of the road, and one dollar paid" to appellant for a strip of one hundred and fifty feet in width through the tract, was read in evidence.

Converse, an agent for defendant, testified that there was an agreement with a number of citizens of the county that they would furnish right of way to road through the county; that understanding under agreement still existed when deed was made; no consideration was paid or promised; witness was in employ and chief civil engineer of appellant, and never made statement to Ireland that Seguin should be terminal depot until station and depot at Santa Clara, west of Guadalupe river, should be established; nor did he make such statement to any one. Pfeuffer told him he was going north to get title to Clements' league; came to his office and told him whatever Ireland did in the matter would be satisfactory to him. Never said Seguin should be terminal depot; think Ireland would have seen him in purgatory before he would have given the right of way if he had thought a station would be established at Guadalupe river; proposed that one hundred acres be added to fifty acres donated to depots; the proposition was never accepted. Ireland asked this witness the question, "Do you not know that I would have seen your road buried before I would have signed the deed if I had not understood that Seguin was to be terminus until a depot was erected at the Santa Clara?" To which he answered, "I do."

Pfeuffer testified that he had never given anybody right of way over Clements' league; had no recollection of saying he would agree to anything Ireland might do in the matter.

Ireland testified that but for the agreement with the people of Seguin about right of way, he would never have signed the deed; that he never knew about the lines running northwardly until it was done; nor had he been

asked or consented that it should be done; Converse knew he would not have released had it not been understood that Seguin should continue terminal depot of the road until Guadalupe river was bridged and depot at Santa Clara west of river established; agreement or understanding not expressed in deed, because did not think it of sufficient importance; did probably agree to contribute whatever damages to his land might amount to, to secure right of way through the county. That it was expressly understood between him and Converse that Seguin was to be terminus of road until depot west of river was established, and he signed the deed with this understanding. Converse at the time was the only agent acting for the road there, and as soon as road reached the river it was made the terminus in violation of appellant's agreement.

The damages resulting from running trial lines and construction of road was estimated by witness at as much as $1,000.

*W. E. Goodrich*, for appellant.
*W. J. Darden*, also for appellant.

*Ireland*, and *Jas. H. Burts*, for appellees.

I. The ruling of the court on the motion to strike out amended petition was correct. Ranger & Co. *v.* Hearne, 14 Tex., 258; Thomas *v.* Hammond, 47 Tex., 43; Lewis *v.* Brewster, 57 Pa. St., 410; Holmes' Appeal, 79 Pa. St., 279; Taylor *v.* Preston, id., 436; Davenport *v.* McCampbell, 17 B. Mon., 38; Wilkinson *v.* Scott, 17 Mass., 256; Horner *v.* Chicago, Milwaukee & St. Paul R'y Co., 38 Wis., 165.

II. The ruling of the court in refusing to give instruction No. 4, asked by appellant, was correct. Appellant asked the court to instruct jury as follows, to wit: " Parol evidence is not allowed to alter or vary the terms of a written contract, nor would a deed conveying the right of

way on land be void because the grantee failed to pay the purchase money, unless it should be so expressly stipulated in the deed itself." Thomas *v.* Hammond, 47 Tex., 42; Wharton on Law of Evidence, sec. 1044.

III. The judgment was warranted by the law and the evidence. Ranger & Co. *v.* Hearne, 41 Tex., 258; Thomas *v.* Hammond, 47 Tex., 42; Horner *v.* Chicago, Milwaukee & St. Paul R'y Co., 38 Wis., 165; Lewis *v.* Brewster, 57 Pa. St., 410; Holmes' Appeal, 79 Pa. St., 279; Boatman *v.* Savings Inst., 57 Mo., 553; Wilkinson *v.* Scott, 17 Mass., 256; Graham *v.* Connersville, 3 Mallory R. R. Cases, 28; Hush *v.* 1st Division, 4 id., 204; Hampton *v.* St. Paul, 4 id., 216; Daniels *v.* Chicago, 5 id., 83; Wharton on Law of Evid., sec. 1044, and note.

Quinan, J. Com. App.— The second assignment of errors, that the court erred in refusing to strike out plaintiffs' amended petition, is in our judgment well taken.

The amended petition attempts to avoid the grant by Ireland to the railroad company of the right of way over his land, alleging that it was given "on the express condition and understanding that said defendant would make no depot at the Guadalupe river west of the town of Seguin, and that it would not deliver freight or passengers at said point, but that it would deliver all freight and passengers traveling over or transported over its said road for the west, at Seguin, until a depot could be established west of said river; that this understanding and agreement was at once violated and broken, . . and so said deed is null and void."

That the matters pleaded here could not be proved by parol, or if proved would not make void the deed from Ireland to the railroad company, would seem to be quite too clear for discussion. The rules of law applicable to the subject are merely elementary. That parol evidence cannot be received to contradict or vary the terms of a

written contract, in the absence of fraud or mistake, is a universally recognized rule of law and of reason. Mr. Wharton says: "To deeds the rules . . are eminently applicable, for the reason that the more solemn are the formalities prescribed for a dispositive document, and the more permanent are meant to be the dispositions it makes, the more unjust is its variation by any agency so liable to careless or fraudulent falsification as is unwritten speech. Hence it is that the courts are uniform in their refusal to admit, except in cases of fraud or gross concurrent mistake, parol evidence to contradict or to vary the terms of a deed between the parties. To deeds also with peculiar rigor is the rule applied, that to what is written no new ingredients can be added by parol." § 1050.

Surely to permit proof of what is here alleged of these conditions and understandings between Ireland and the railroad company in respect to the establishment of its depot, and the delivery of passengers and freight, to be supplemented to his absolute conveyance of the right of way, would be to alter, vary and enlarge its terms, and add new ingredients to what is written. East Line R. R. v. Garrett, 52 Tex., 139.

The conditions mentioned are, moreover, conditions subsequent. And while it is said that parol evidence may be admitted to prove the existence of any oral agreement precedent to the attaching of any obligation on any contract, a condition subsequent cannot be proved by parol. Id., § 928.

So "parol evidence is not admissible to prove any conditions which would defeat or control the legal effect and operation of a deed delivered." Wallace v. Baker, 1 Binn. (Pa.), 610. An inquiry into the consideration of a deed will always be permitted, but the recital of consideration existing precludes the grantor from disputing generally the fact of consideration. §§ 1040, 1042. He

cannot avoid his deed which recites a consideration by proving that he received none.

If, however, as we have said, the plaintiffs here were permitted to prove the facts alleged, the result claimed would not follow. The deed was an absolute grant of the right of way, an executed contract; and the failure of the railroad company to comply on their part with their promises and undertakings made would not defeat it. Mr. Washburne says: "If one makes a feoffment in fee, that the feoffor shall do or not do such an act, these words do not make the estate conditional, but it is absolute notwithstanding. . . . So if the supposed condition of an executed grant amounts to an agreement on the part of the grantee to do certain things, it will not be held to defeat the estate if he fails to perform. In order that the condition in such case should defeat the estate, the grant must be in its nature executory." 2 Wash. R. P., 6. See H. & T. C. R. R. Co. v. McKinney, Austin term, 1881, for a full discussion of this subject in its relation to grants of the right of way to railroad companies.

Our conclusion that there was error in refusing to strike out this amended petition renders unnecessary a particular discussion of the other assignments of error. From this first erroneous ruling of the district judge sprang all the other errors in the case,— the admission of illegal testimony, the erroneous charge "that if the deed from Ireland was without consideration, or that the consideration has failed, then said deed does not bind Ireland and is void," and the refusal of proper charges asked by defendant as to the validity of the deed, and the incompetency of parol testimony, in the absence of any allegation or proof of fraud, to alter or vary its.terms.

Replying briefly to other questions presented in the case we say: The release of the right of way by Ireland was a release only to the extent of his interest. It did not affect

Pfeuffer's right to recover compensation from the railroad company for the taking and appropriation of the land for the purposes of their road to the extent of his interest in it.   Nor is his right of recovery barred by the fact that they may have located their road or thrown up their roadbed before he acquired title to the land.   The appropriation of the land without pursuing the course pointed out by law for the condemnation of the right of way did not divest the owners of their title to it.   The wrong done is a continuing injury.   They acquired no title to the land taken simply by taking it.   It became Pfeuffer's by his grant from the former owners; and the railroad company continuing to retain it and appropriate it to their uses, cannot avoid their liability to Pfeuffer to compensate him in such damages as the law according railways, on certain conditions, the right to take lands, allows.   The right to compensation is not waived by standing by and permitting the company to lay the track over the land.   McAuley v. Western Vt. R. R. Co., 33 Vt., 311; Western P. R. R. Co. v. Johnston, 59 Pa. St., 290.   Nor is his right to recover the land itself lost if the railroad company will not make such compensation.   Id.; B. B. & C. R. R. Co. v. Ferris, 26 Tex., 606.

In respect to the damages claimed from running trial lines to New Braunfels, while the company are permitted to enter upon lands for the purposes of making preliminary surveys, they are nevertheless bound to respond to the owners of the land for any injury done their property. In such case the party entitled to damages is the one who owned and was in possession of the land when the injury was committed, and not a subsequent purchaser.   Furbish v. Goodwin, 25 N. H., 425; May v. Slade, 24 Tex., 205.

The judgment of the court in this case is not warranted by the pleadings.   It was a simple action of trespass for injury to the realty, and damages.   There was no prayer

for the recovery of land, or the enforcement of any lien upon land, and it was clearly erroneous to adjudge that plaintiffs should be put in possession of the land in default of payment of the money. 3 Tex., 308; 15 Tex., 159; 28 Tex., 219; and see H. & T. C. Railroad Co. *v.* McKinney.

It may be added to what we have said upon the subject of the alleged agreement between Ireland and Converse in reference to the non-erection of a depot at the Guadalupe, etc., that if Ireland could, upon the breach of that agreement, maintain any action upon it as a separate collateral agreement against the company, made by one authorized to make it, so as to bind them, it would be one personal to himself, and in which it is not perceived that Pfeuffer would have any interest, or would be a proper party. And the measure of his damage would have no relation to the value of the land released, but would be determined by the injury resulting to him from the erection of a depot at the river and the non-delivery of passengers and freight at Seguin — whatever that may have been.

The judgment ought to be reversed and the case remanded.

REVERSED AND REMANDED.