M. S. BIGHAM ET AL. v. S. W. BIGHAM.

(Case No. 3343.)

1. WARRANTY.— The warranty in a deed can neither be enlarged or restricted by oral testimony of simultaneous or prior agreements.
2. CONTRACT — WARRANTY.— A misrepresentation which would avoid a warranty must be of an existing fact, and cannot consist of a promise to do or not to do something in the future.
3. DISTINGUISHED.— This case distinguished from Henderson v. Railroad Co., 17 Tex., 560.

APPEAL from Bell. Tried below before the Hon. J. P. Osterhout. The opinion states the case.

A. J. Harris, for appellant.

W. S. Homan, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by S. W. Bigham against M. S. Bigham and R. J. Bigham, his wife, upon a breach of warranty in the sale of land, to recover the purchase money and costs of a suit in which the title of the appellants had been adjudged invalid.

At the time of the sale of the land by appellants to appellee, they had an outstanding executory contract to convey the land to one Winnard, who had not made full payment therefor, but had made valuable improvements thereon, and he, in the suit instituted against him, paid the purchase money and was adjudged title.

There are collateral questions in this case not necessary to be stated to present the real questions involved.

Amongst other defenses, the appellants alleged that the appellee knew the condition of the title to the land at the time they sold to him, and of the outstanding executory contract with Winnard, and that he in fact bought only their right in the land, with an understanding that, although they made a deed to him with covenant that they had good title and right to convey, and with covenant of general warranty of title, that they were not to be bound by or in any way liable thereon.

They further alleged that M. S. Bigham was weak-minded and hard of hearing, and hardly capable of attending to business, and that the appellee induced them to make to him a warranty deed upon the representation that it was necessary for him to have such a deed in order to recover the land from Winnard; that a quit-claim would not be sufficient for that purpose; and that it was agreed at the time the deed was made, that the appellants should not be held bound by their warranty in case of failure to recover the land from Winnard.

All of the facts set up in the answer of appellants were negatived in the pleadings of appellee, in so far as the same set up facts to avoid the legal effect of their general warranty deed.

Appellants introduced evidence tending to show that appellee made the representations set up in their answer, but offered no testimony showing any incapacity in M. S. Bigham whatever, except that his hearing was bad.

It appeared that the appellants knew the contents of the deed at the time they signed the same.

The appellee introduced evidence negativing that offered by the appellants in regard to representations made at the time the deed was executed.

The court in effect charged the jury to find for the appellee if appellants executed the warranty deed as alleged, and had received the purchase money, and there had been a breach of their warranty.

There was some evidence tending to show that the appellee, at the time the deed was made to him, undertook at his own expense to prosecute the suit against Winnard, and the court charged the

jury, if they found that to be true, not to find for the appellee any sum incurred in prosecuting that suit.

Appellants asked the court, in effect, to charge the jury that such misrepresentations as they had set up in their answer would avoid their liability upon their warranty.

This charge the court refused to give. There was a verdict that the appellee was entitled to certain notes which he had transferred to appellants in part payment for the land, and for a horse, which constituted the residue of the payment for the land, or for the value of the horse, which was fixed by the verdict. Upon this verdict there was a judgment in favor of appellee against R. P. Bigham, who was the maker of the notes transferred by appellee to appellants in part payment for the land, R. P. Bigham having been made a party to the suit. There was also a judgment against the appellants for the horse, or its value, and for costs.

The main question in the case arises upon the refusal of the court to instruct the jury that the alleged misrepresentations, if proved, would avoid the liability of appellants upon their warranty.

The effect of the ruling of the court was to withdraw from the jury the evidence relating to the matters set up in defense, and we will consider the propriety of that ruling.

The deed to appellee upon its face was a general warranty deed, and unless parol evidence was admissible for the purpose of contradicting it and varying its legal effect, there was no error in the action of the court.

The general rule is nowhere more clearly stated than by Mr. Greenleaf in his work upon evidence. "Where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." 1 Greenl., 275.

It is contended, however, that such misrepresentations of fact were made as to avoid the contract, and that therefore the evidence was admissible. In cases in which misrepresentation is relied upon to avoid a contract, it is necessary to distinguish between a representation of an existing fact which is untrue, and a promise to do, or

not to do, something in the future.     Pollock's Principles of Contract, 496.    In this case there was no misrepresentation of any existing fact. Whether a warranty deed was necessary to enable the appellee to prosecute the suit against Winnard was matter of opinion, upon which even lawyers might differ.

A reference to adjudicated cases will best illustrate the principles applicable to this case.

In Faucett v. Currier, 109 Mass., 79, an agreement as follows was sued upon: "I hereby acknowledge that I have purchased by public auction, house and lot 29, on Beethoven street, for the sum of $6,000, and have paid into the hands of Hunting & Leavitt, auctioneers, the sum of one dollar as a deposit, and in part payment of the purchase money; and I hereby agree to pay the remaining sum of ——— to the vendor on or before the 18th day of June, and in all respects on my part to fulfill the conditions of sale." On the trial the defendant, who was a married woman, but under the laws of the state capable of contracting, proposed to prove "that she had known one of the plaintiffs intimately for many years; that she met him on the premises on the morning of the sale, and he stated to her that the property was limited at and would not be sold for less than $6,500, and requested her to bid thereon as an underbidder, representing that it would aid him in making a sale; that she then said to him that she had not spoken with her husband in regard to the purchase of the property; that he stated to her before the sale, and after she had signed the agreement, that she need not and would not be bound to take the property, but might do so if her husband desired, and that she did not read the agreement or know its contents when she signed it." The court said: "The written agreement signed by the defendant was absolute and unconditional to purchase and pay for the plaintiffs' land, and oral evidence offered by her to control its effect was rightly rejected."

The same case came before the court again, and the same ruling was made (115 Mass., 20), the opinion being by Gray, C. J.

In the case of Allen v. Furbish, 4 Gray, 504, it was held in an action on a promissory note payable absolutely, that proof that the consideration of the note was the sale of a horse upon condition that the purchaser, if dissatisfied with the horse, might return him within three months, and that the purchaser, being dissatisfied, offered to return the horse within the time, was inadmissible. The court said: "The gravamen complained of by the defendant do not reach the consideration, or show any failure therein. The pe

evidence would, if competent, prove that the plaintiff had not performed a stipulation on his part to deliver up the note on the happening of a certain event." A number of other cases are given in the case above referred to, which illustrate the question.

The case of Insurance Co. *v.* Mowry, 6 Otto, 548, was brought to recover upon a life policy; a forfeiture was set up on the ground of failure to pay premiums; and to meet that defense, it was alleged that the agent of the company who induced the insured to apply for the policy, represented to him that the company would notify him when premiums became due, and that no such notice was given, and hence the failure to pay the premium. The policy contained no such provision, but required the payments to be made to avoid forfeiture. The court said: " But the doctrine has no place for application where the statement relates to rights depending upon contracts yet to be made, to which the person complaining is a party. He has it in his power, in such case, to guard in advance against any consequences of a subsequent change of intention and conduct by the person with whom he is dealing. For compliance with arrangements respecting future transactions, parties must provide by stipulations in their agreements when reduced to writing. The doctrine carried to the extent for which the assured contends in this case would subvert the salutary rule, that the written contract must prevail over previous verbal arrangements, and open the door to all the evils that rule was intended to prevent."

The warranty in a deed can neither be enlarged nor restricted by oral testimony of simultaneous or prior agreements. Raymond *v.* Raymond, 10 Cush., 141; Dutton *v.* Gerrish, 9 Cush., 94.

There was no evidence showing that the appellants or either of them were under any mental disability; but it does appear that they knew the character of deed which they executed, and under the facts of the case the court did not err in the ruling complained of.

The case of Henderson *v.* Railroad Co., 17 Tex., 560, is not in conflict with the views here expressed, when considered with reference to the facts of that case.

There was no judgment rendered against the appellants personally, except for a horse or its value, $90, and for costs, and the rendition of this judgment is assigned as error, for the reason that neither the pleadings nor proof authorized a judgment against the wife upon the warranty. This assignment of error is well taken, and as the verdict of the jury is full, and the judgment may be here corrected, it will be reviewed, and so rendered as only to give judgment against

M. S. Bigham for the horse, or its value as assessed by the jury, and for costs of the court below, and in all other respects the judgment will be affirmed, costs of appeal to be paid by appellee.

AFFIRMED.

[Opinion delivered June 6, 1882.]