### B. M. JONES v. WILLIAM HANNA.

Decided December 22, 1900.

**1. Deed of Corporation to Its President.**

The president of a private corporation has power to execute a deed of its land to himself in pursuance of a sale thereof made by its board of directors.

**2. Marketable Title—Specific Performance.**

In an action to enforce specific performance of a contract for the sale of land, general in its terms and not specifying the character of title to be furnished, it was not a tenable objection that one of the deeds in the plaintiff vendor's claim of title, executed by a corporation, was acknowledged for record before a notary who was a stockholder and officer thereof, since the contract required only that a good or marketable title should be furnished.

APPEAL from Nolan. Tried below before Hon. W. R. SMITH.

*Beall & Beall,* for appellant.

*R. A. Ragland,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—By this suit appellee sought and obtained a judgment for the specific performance of the following contract:

"This agreement by and between B. M. Jones, of Nolan County, Texas, and William Hanna, of Monmouth, Ill., witnesseth that the said William Hanna agrees to sell to the said Jones the S. E. ¼ of section No. 19, block 22, Nolan County, Texas, on the following terms: Cash, one hundred and sixty dollars, and four notes of one hundred and sixty dollars each, due respectively in one, two, three, and four years, with 6 per cent interest from date on each, and it is agreed that the said notes are to retain a vendor's lien upon said land until all notes and interest are paid. Sweetwater, Texas, June 11, 1896. B. M. Jones. Wm. Hanna."

In addition to offering a general warranty deed, duly executed by him and wife, conveying the land to appellant, appellee exhibited on the trial a regular chain of title from the State to himself; whereupon the court instructed a verdict in his favor. In this chain were deeds to and from the Interstate Railway Construction Company, which were objected to by appellant upon the ground that that company "was a void concern, not in existence, and therefore without capacity to take or hold title to real estate," or to convey the same. No proof, however, was

offered to sustain this objection. We are therefore of opinion that it was of no avail.

The next deed in the chain of title, that from the Weir Plow Company, a private corporation, to appellee, was objected to upon the following grounds: First, because it was executed by William Hanna (appellee) as president of the Weir Plow Company to himself; second, because his acknowledgment was taken by a notary public who was both stockholder and general manager of the Weir Plow Company, as was shown by the deposition of appellee on file in the case.

The first objection was not well taken. The power of the president of a private corporation to sell the property of the corporation and his power to execute a deed in pursuance of a sale clearly made by the board of directors, are powers quite different in their nature. In the exercise of the former he is under obligation to the company to act with an unbiased judgment for its best interest, and an adverse interest on his part would consequently disqualify him. Not so with the latter, which is ministerial in its character, the statute providing for the formal execution of such deeds by means of the common seal of the corporation and the signature of the president or presiding member or trustee. Rev. Stats., art. 676; 4 Thomp. on Corp., sec. 4613; Mora. on Corp., sec. 527.

The second objection is not altogether so easily disposed of. Appellant cites cases in which it has been held that the separate acknowledgment of a married woman was void when taken by an officer otherwise qualified who was an agent or stockholder of the corporation receiving the conveyance. But in those cases the privy acknowledgment of the wife was essential to the validity of the deed. Not so with the acknowledgment of the president of a corporation. When the deed of a private corporation is signed, sealed and delivered, the title passes. The article of the statute above referred to provides, it is true, for the acknowledgment and recording of such a deed, but not as a part of, or essential to, its execution and validity. There is also a line of cases holding the registration of a deed to be bad where it appears on the face of the record that the officer taking the acknowledgment was connected with the transaction as agent for one of the parties to the deed. In the case at bar it required extraneous proof to show the fact of disqualification. The record of the title, tested by its own recitals, would be clear. Whether or not, however, this would be a sufficient answer to the objection we need not decide in this case. It will be noted that the contract of sale quoted above is very general in its terms. The obligation which it imposed on appellee was not greater than that implied in all contracts of sale, that is, that the seller is able to make a good, marketable title. This we think appellee established, so far as the deed in question is concerned, when, as before seen, he showed that it had been duly executed. If appellant desired more than this, that desire should have found expression in the contract of sale. Not having there required appellee to furnish him a title clear of record and in every way satisfactory, he must now be content if a title substantially good is furnished him.

The deed from appellee and wife to appellant was objected to because its recital of the consideration was at variance with that in the contract of sale, in that the notes to be executed by appellant for the deferred payments were described as covering larger sums than those specified in the contract of sale, the difference in effect being that produced by making the interest payable annually and including it in the notes. But as the notes were all about due when the trial was had, and are now past due, and as the decree was rendered on the basis of the original contract of sale, substantial justice was done. Possibly the judgment was slightly excessive, but no complaint was made of it on that ground, and the matter is too trivial to require correction here.

We approve the court's action in excluding parol testimony as to the terms of the agreement for the sale of the land, since the written contract declared on was on its face complete and without ambiguity and was not the result of fraud, accident, or mistake. The judgment is affirmed.

*Affirmed.*