COLEMAN et al. v. LUETCKE et al.

(Court of Civil Appeals of Texas. San Antonio. March 4, 1914. Rehearing Denied April 1, 1914.)

1. COVENANTS (§ 108*)—BREACH — ASSERTION OF PARAMOUNT TITLE—INVITATION OF COVENANTEE.

Where a grantee under a warranty deed learned after the conveyance of the existence of an alleged superior title, the bringing of a suit by him to clear the title, without any collusion with the holder of the superior title, was not an invitation to assert the superior title which would defeat the grantee's right to recover upon the warranty.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 175, 179–185; Dec. Dig. § 108.*]

2. COVENANTS (§ 102*)—ACTIONS FOR BREACH — CONDITIONS PRECEDENT — RESISTANCE TO SUPERIOR TITLE.

While the mere existence of a superior title will not support a recovery upon a warranty of title, where there is an assertion of a superior title, the grantee is not required to make a useless resistance thereto, but may resort to his warranty.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 157–168; Dec. Dig. § 102.*]

3. LIMITATION OF ACTIONS (§ 47*)—ACCRUAL OF RIGHT OF ACTION — BREACH OF COVENANT.

Where the holder of a superior title made no assertion of title until after action was brought against him by the grantee under a warranty deed to clear his title, the right of action upon the warranty did not accrue until the assertion of the superior title by the filing of the answer, and the statute of limitations did not begin to run in favor of the warrantors before that time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 254–258; Dec. Dig. § 47.*]

4. COVENANTS (§ 116*)—ACTION FOR BREACH—SCOPE OF PROOF — MATTERS ADMITTED BY PLEADINGS.

Where the owners of land conveyed it by warranty deed to a corporation, which after-

wards conveyed it to its president by warranty deed, and the original owners in an action by the last purchaser upon the warranty admitted the conveyance by the corporation, there was no necessity to offer proof as to such conveyance.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 209, 210; Dec. Dig. § 116.*]

5. TRIAL (§ 101*)—RECEPTION OF EVIDENCE—OBJECTION—NECESSITY.

A party who fails to object to a deed, when it is introduced in evidence, waives any objection to it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 254; Dec. Dig. § 101.*]

6. CORPORATIONS (§ 432*) — CONVEYANCES — PRESUMPTION OF AUTHORITY.

Where a deed from a corporation to its president recited that it was authorized by resolution of the board of directors, and it was signed by the president and attested by the secretary under the seal of the corporation, it will be presumed that the officers were acting under the authority of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

7. CORPORATIONS (§ 444*)—CONVEYANCES—VALIDITY—CONVEYANCE TO PRESIDENT.

A deed executed by a corporation is not inadmissible in evidence because it was made by the president of the corporation to himself.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1779–1781; Dec. Dig. § 444.*]

8. COVENANTS (§ 39*)—ACTIONS FOR BREACH—DEFENSES—KNOWLEDGE OF DEFECTS IN TITLE.

The fact that a purchaser, before accepting the deed, could have ascertained the defects in a title, or even that he had knowledge thereof, is no defense to an action by him upon the covenant of warranty after eviction by a superior title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 39, 40; Dec. Dig. § 39.*]

9. COVENANTS (§ 130*)—MEASURE—BREACH OF COVENANT WARRANTING TITLE.

In an action upon a warranty of title, the measure of damages is the price paid for the land, and plaintiff need not prove that the land was of the value he paid for it.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255, 256, 257; Dec. Dig. § 130.*]

Error from District Court, Bexar County; R. H. Ward, Judge.

Action by Carl Luetcke and others against Atascosa County, T. A. Coleman, and others. Judgment for the plaintiffs against T. A. Coleman and others, and they bring error. Affirmed.

C. C. Clamp and Douglas Cater, both of San Antonio, for plaintiffs in error. Scott & Dodson, of San Antonio, for defendants in error.

FLY, C. J. On October 5, 1911, Carl Luetcke instituted a suit against Atascosa county, T. A. Coleman, Claude Keeran, and the Texas Land & Live Stock Company, setting up an action of trespass to try title to certain land in Webb county as against Atascosa county, and alleging that Coleman and Keeran sold the land to the Land & Live Stock Company, which sold it to Luetcke, each ven-

dor giving a general warranty of the title. He prayed that he have judgment against Atascosa county for the land, and that if the county recovered the land that he recover damages in the sum of $5,000 against Coleman, Keeran, and the company. On January 29, 1912, Atascosa county answered that it was the owner in fee simple of the land, that it was granted to the county by the state of Texas for school purposes, that the claim of Luetcke was a cloud upon its title, and prayed for judgment for the land. On January 27, 1913, Luetcke filed an amended petition, in which he alleged, in addition to his action of trespass to try title against the county and his action on the warranties of the other parties, that on May 6, 1907, he had entered into possession of the land, and had been using and enjoying the same until January 29, 1912, when Atascosa county had through its answer claimed title to the same, that in the latter part of 1909 he was informed there was some question about the title to the land, that he went to the attorney of Coleman and Keeran and inquired about the title and was assured by the attorney that the title was all right, that he made inquiry of the county judge and commissioners of Atascosa county and was informed by them that the county did not claim the land, and that he had used all due diligence to ascertain if there was any claim to the land. He further alleged that Atascosa county had a valid title to the land, and that the other defendants had not made good their warranty of the title. The Texas Land & Live Stock Company adopted the allegations of the petition, admitted the liability on its warranty, and asked for judgment against Coleman and Keeran on their warranty. After detailing in their answer the allegations in the petition and amended petition, Coleman and Keeran pleaded limitation of four years. The court rendered judgment in favor of Atascosa county for 420 acres of the land in controversy, in favor of Luetcke for 220 acres, and for $6,195 against the Texas Land & Live Stock Company on its warranty, and judgment was also rendered in favor of that company against T. A. Coleman and Claude A. Keeran for $1,575.50 on their warranty.

The evidence showed that Atascosa county had the superior title to the land adjudged to it by the court, that the Texas Land & Live Stock Company was indebted to Luetcke on its warranty in the sum adjudged against it, and that T. A. Coleman and Claude A. Keeran were indebted to the Land & Live Stock Company on their warranty in the sum adjudged against them.

[1, 2] Plaintiffs in error urged exceptions to the petition of Luetcke and the cross-action of the Texas Land & Live Stock Company on the grounds that they had invited the assertion of the superior title of Atascosa county and could not recover on the warran-

ty, and that the cause of action was barred by four years' limitation, and through the first assignment claim error in the overruling of such exceptions. It is the well-established rule that the mere existence of a superior title will not support a recovery on a warranty of title; but, if there is a hostile assertion of a paramount title, the vendee is not called upon to make an unavailing and useless resistance, but may resort to his warranty for redress. Jones' Heirs v. Paul's Heirs, 59 Tex. 41; Land Co. v. North, 92 Tex. 72, 45 S. W. 994. In the latter case it is held that, if the vendee is evicted from the land by the holder of the superior title on his invitation, he would be debarred from his action on the covenant of warranty. It is said: "There can be no eviction or turning out unless and until a superior title has been without the invitation of the covenantee pressed upon him." The case first cited is given as authority for · the proposition, but there is no expression in the Jones v. Paul Case that sustains that part of the ruling as to the eviction on the invitation of the vendee. In the case of Land Co. v. North, the question submitted to the Supreme Court was: "Where the vendee himself owns the superior title to the land conveyed to him by deed with general covenant of warranty 'of the premises,' is there a breach of the covenant of warranty, such as will support an action for the breach of the covenant by the convenantee or his vendee?" As such vendee could not well evict himself from his own land, there could be but one answer to the question.

When Luetcke filed his suit in October, 1911, there had been no assertion of paramount title by any one, although he had been annoyed by rumors that Atascosa county had title to the land, and acting on those rumors the action was brought. After the action was begun, Atascosa county answered setting up a cross-action to the land, and Luetcke then filed his amended petition in which he admitted that the paramount title was in the county. When the answer was filed, there was an assertion of paramount title, and the breach of the warranty at once occurred, and unless it can be held that the suit against the county was an invitation to it to claim the land, and that such invitation debars Luetcke from recovery from the Texas Land & Live Stock Company, the assignment of error must be overruled. We do not think a suit brought by a vendee to clear the title to land, without any collusion with the defendant, can be distorted into an invitation to assert a superior title to the land. All of the cases that have come to our notice on the subject of the covenantee inciting the holder of a paramount title to assert a hostile claim show collusion between the covenantee in the warranty and the hostile claimant. Hester v. Hunnicutt, 104 Ala. 282, 16 South. 162; Munford v. Keet, 154 Mo. 36, 55 S. W. 271. So, in the case of Land Co. v. North, herein

cited. There is nothing in the allegations of the petition that indicates that Luetcke desired Atascosa county to claim the land, but he had been greatly disturbed about the title and had endeavored to get Coleman and Keeran to clear it up. Plaintiffs in error admit this in their answer, and also admit that they found that the land in controversy was in conflict with an older survey and promised to endeavor to get Atascosa county to yield its claim. They did not obtain such release from the county. The attorney of plaintiffs in error wrote Luetcke in January, 1910, that he was working to get Atascosa county to waive any right it had to the land. In that letter the attorney said: "I expect to go on and see if Atascosa will yield, as I have not taken the matter up yet officially with them." At that time Luetcke, it seems from the letter, was afraid that plaintiffs in error would plead limitation to his claim on the warranty as they have done, although they also claim there was no breach of the warranty when the suit was brought. The pleadings and the evidence do not show that Luetcke in any manner induced or incited a hostile claim to the land by Atascosa county, but that he acted with the utmost fairness to plaintiffs in error and co-operated with them in endeavoring to obtain a release from the county. No case has been cited, or probably can be cited, in which it is held that the premature institution of an action on a warranty is an invitation to a claimant of land to assert his claim. Luetcke had the right to sue the county for the land, although it had not asserted its right to the land. He had the right to ascertain if the rumored claim of the county to the land had any foundation, and, after it set up its claim, he had the right to demand redress on the covenants of warranty. Moody v. Holcomb, 26 Tex. 714; Titus v. Johnson, 50 Tex. 224; Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865.

[3] No breach of the covenant of warranty occurred until the county filed its answer asserting its paramount title, and not until then did the right of action against the warrantors arise. This proposition is indorsed by plaintiffs in error when they wish to attack the suit on the ground that the paramount title was asserted at the instance of Luetcke, but it is denied when limitations of four years is insisted upon. Limitation does not figure in this case.

[4, 5] The second assignment of error assails the action of the court in not striking out the deed made by the Texas Land & Live Stock Company. The deed was admitted in evidence without objection upon the part of plaintiffs in error, and afterwards a motion was made to exclude it from consideration of the jury because it was executed by Luetcke as president of the corporation to himself, and no resolution of the directors and stockholders was shown. Plaintiffs in error alleged in their answer that the land was conveyed to Luetcke by the corporation,

and consequently there was no issue on that point. That admission removed the necessity of proof of a conveyance from the corporation to Luetcke. Morris v. Runnells, 12 Tex. 175; Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245. Plaintiffs in error waived any objection they may have had to the deed by not objecting to it when it was introduced in evidence. Matlock v. Glover, 63 Tex. 231.

[6] It was recited in the deed to which objection is urged that the deed was authorized by a resolution of the board of directors on May 6, 1907, and was signed by the president and attested by the secretary under seal of the corporation, and it will be presumed that the officers were acting under authority of the corporation. Catlett v. Starr, 70 Tex. 485, 7 S. W. 844; Quinlan v. Railway Co., 89 Tex. 356, 34 S. W. 738. In the opinion in the last case cited, the following language from Thompson on Corporations, § 5016, is approvingly quoted: "Where the instrument is formally executed by the proper officers, generally the president and secretary, the seal of the corporation, formally affixed, carries with it prima facie evidence of an antecedent authorization."

[7] There is no force in an objection to a deed because made by the president of the corporation to himself. Jones v. Hanna, 24 Tex. Civ. App. 550, 60 S. W. 279.

[8] The land was purchased by the corporation by the acre, in good faith, from Coleman and Keeran, and it was purchased from the corporation by Luetcke in the same way. He knew nothing of any conflict until after he had bought it. There is nothing to indicate that the purchasers were taking any chances on the title; but, on the other hand, the price of $15 paid by Luetcke shows that he thought the title all right. That the defects in the title could have been ascertained by Luetcke is no defense to a suit on a covenant of warranty. He did not actually know of the defects and took no risks thereon. Even if Luetcke had full knowledge of the defects in the title, it would not preclude him from a suit on the warranty. Railway v. Gentry, 69 Tex. 625, 8 S. W. 98. When a purchaser buys land knowing of defects in the title, he can be compelled to pay the purchase money; but it is equitable and just that, where there is a defect in the title, the warrantor should be held on his warranty, although the vendee may have known of the defect. Rawle on Covenants of Title, § 88. The following language from a Pennsylvania case (Funk v. Voneida, 11 Serg. & R. 112, 14 Am. Dec. 617) is found in a note to the text of the section cited: "It is no answer to the purchaser's complaint to say it was his duty to search the record, and to have protected himself by some special covenant against this specific incumbrance. It was no part of his case that he had actual notice; but, it he had, it could make no difference. The purchaser covenanted against all incumbrances." All the authorities coming to our notice sustain the language quoted. No authority touching on the question under consideration has been cited by either of the parties.

[9] The fourth assignment of error is overruled. The land was sold by the acre at a certain price, and the measure of damage would be the sum paid per acre under the contract of sale. It was not incumbent on defendants in error to prove that each acre lost was of the value that he paid for it. Roberts v. McFadden, 32 Tex. Civ. App. 47, 74 S. W. 105; Young v. Moore, 110 S. W. 548.

There was no allegation of collusion between the corporation and Luetcke, and why should the court have been influenced in his judgment by a matter not raised in the pleadings? The fifth assignment of error is overruled.

The sixth, seventh, and eighth assignments are repetitions of matters herein disposed of and are overruled.

The judgment is affirmed.