**MASSAD et al. v. BUMPUS.**

No. 5682.

Court of Civil Appeals of Texas. Texarkana.

Dec. 12, 1940.

Rehearing Denied Jan. 16, 1941.

Saye & Saye, of Longview, for appellants.

Wynne & Wynne, of Longview, for appellee.

WILLIAMS, Justice.

N. S. Massad and F. L. Carmichael sued Raymond Bumpus, the defendant below, to recover damages accruing from a partial breach of warranty of title. On March 22, 1934, defendant executed and delivered a

deed, forthwith filed for record, which recited a nominal consideration of $5 paid and which purported to convey to H. S. Christian the fee-simple title to all of a tract of land therein described by metes and bounds and therein stated to be 9.38 acres. This instrument contains a general warranty of title clause in the usual form. Christian owned an equitable title to ½ interest at the time defendant conveyed to Christian the legal title to the whole. In the early part of 1934, the exact date not shown, plaintiffs bought from Christian a ⅔ undivided interest in the tract. Plaintiffs knew when they bought this interest that they were acquiring defendant's ½ interest and a ⅙ interest from Christian, thus giving to each plaintiff and to Christian a ⅓ interest. At the time of purchase, plaintiffs knew defendant's ½ interest was then being held in the name of Christian.

On December 18, 1935, many months subsequent to date of purchase agreement, Christian by separate deeds conveyed to each plaintiff a ⅓ undivided interest in a tract of land therein stated to be 11.43 acres. The field notes in all three deeds called for the same adjoining property and corners, and described the same tract of land. An increase in the distance calls on two lines, ascertained after delivery of the first deed and included in the others, accounts for the variance in the respective calls for acreage. During the interim between date of purchase agreement and date of the deeds into plaintiffs, with the legal title standing in Christian, he and plaintiffs at their expense drilled one, and probably two producing oil wells on a part, and also successfully defended a trespass to try title suit, filed by the Texas Company, on the tract. The deeds executed by Christian to plaintiffs each contain the following clause: "Provided, however, it is expressly understood, in the execution of this instrument and the acceptance of the same by grantee, that said conveyance is made by grantor to grantee without warranty, express or implied." We need not discuss the controverted issue whether Christian had agreed to give plaintiffs a deed with a general warranty of title, for plaintiffs grounded their suit upon the warranty of title given by defendant in his deed to Christian.

By virtue of a judgment entered September 18, 1936, the result of a trespass to try title action filed December 21, 1935, in which the litigants in the instant suit and Christian were named defendants, one Sallie Radford and husband recovered the title and possession of 4.56 acres. The field notes in above deeds describe an inverted L-shaped tract ( ⌐ ), the shaded portion marking the 4.56 acres lost, the other representing the 6.87 acres retained. Plaintiffs paid $13,333.-33 for the ⅔ interest, part of which they paid when the trade was made and the balance at the time the deeds into them were executed and delivered. Of this, defendant received $5,000; Bill, his brother, $5,000; and Christian $3,333.33. At the close of all evidence, the court refused plaintiffs' motion for an instructed verdict for $5,000 and interest, and instructed a verdict for defendant. The judgment recites from the undisputed facts that "the law is with the defendant."

In support of the court's action, appellee in his brief, together with recitals in his answer, takes the position that "no consideration was paid for the execution of the warranty deed from defendant to Christian," and in support thereof offered evidence that defendant having business elsewhere placed the legal title in Christian to enable the latter to sell and convey the property should the occasion arise. That in so doing the conveyances of Christian without warranty of title were in fact the deeds of defendant.

We are unable to agree with such position. Defendant admits that he received $5,000 of the consideration paid by plaintiffs as a result of above detailed transactions. The deeds into plaintiffs, as worded, do not purport to be deeds out of defendant, or that Christian had executed same as trustee or agent for defendant. The provisions in the deed executed by defendant are unambiguous. In the absence of fraud or mistake, and none is here claimed, parol evidence is inadmissible to vary the terms of a written contract. As stated in Galveston, H. & S. A. Ry. v. Pfeuffer, 56 Tex. 66, 72: "To deeds also with peculiar vigor is the rule applied, that to what is written no new ingredients can be added by parol." "The warranty in a deed can neither be enlarged [nor] restricted by oral testimony of simultaneous or prior agreements." Bigham v. Bigham, 57 Tex. 238. Regardless of defendant's alleged reason in executing the deed, he nevertheless included in it his covenant of general warranty. Above parol evidence was inadmissible to destroy or defeat the plain, unambiguous written terms of his covenant of general warranty of title.

Galveston, H. & S. A. Ry. v. Pfeuffer, supra; Bigham v. Bigham, supra; Warren v. Clark, Tex.Civ.App., 24 S.W. 1105; Morriss v. Hesse, Tex.Civ.App., 210 S.W. 710; Coleman v. Luetcke, Tex.Civ.App., 164 S.W. 1117; McCormick & Ray's Texas Law of Evidence, p. 990; Askew v. Bruner, Tex. Civ.App., 205 S.W. 152. This covenant ran with the land and inured to the benefit of plaintiffs, the subsequent vendees, and the owners at the time of the partial breach of warranty. 12 T.J p. 57, § 37; 21 C.J.S., Covenants, § 82, p. 938; Flanniken v. Neal, 67 Tex. 629, 4 S.W. 212.

■■ The sale of the land to plaintiffs was in gross or in bulk. In the words of one witness, which is in no wise controverted by any evidence, "Wasn't any value set on any part of the tract." The land was bought as oil-bearing acreage to be developed into production. At the time of the purchase agreement, oil-producing wells surrounded the entire acreage, but none was upon it. Plaintiffs alleged that all the acreage was of equal value. Two witnesses testified as to value of the acreage at the time of the purchase. One, after describing location of wells surrounding the acreage, testified that he did not consider the 6.87-acre tract of any greater value than the 4.56-acre tract, and thought it was probably not as good, because the oil-bearing sand begins to pinch out on the lease to the north of the 6.87-acre tract. The other, who also described the adjoining wells, testified that there was a slight difference at the time the trade was made. This evidence does not support defendant's position that there is no testimony as to the value of the 4.56 acres allegedly lost and the 6.87 acres retained. This testimony discloses the land to be of equal value per acre. From this fact, the respective values of acreage lost and that retained are deducible. The purchase price figures $1749.78 per acre when the total consideration of $13,-333.33 is divided by ⅔ of 11.43 acres, or 7.62 acres purported to be conveyed by the latter deeds. Plaintiffs seek recovery upon this basis. Defendant, if liable, cannot justly complain, for if calculated on ⅔ of 9.38 acres, the average purchase price per acre would be greater. The deeds into plaintiffs purport to convey an undivided ⅔ interest in the 4.56 acres lost, which would be 3.04 acres. This calculated at $1,749.78 per acre totals $5,319.-33. If this partial breach of warranty is calculated under the rule as stated in 12 T.J. p. 101, § 68; 21 C.J.S., Covenants,

§ 142, p. 1012; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; Merchants' Nat'l Bank of Clinton, Iowa, v. Otero, 25 N.M. 598, 175 P. 781; 61 A.L.R. p. 99, the amount of damages would be the same amount. Plaintiffs' recovery, however, is not to exceed $5,000, the amount defendant received. 12 T.J. p. 73.

■ Defendant claims that the parol evidence offered by him established the fact that Bill Bumpus, his brother, owned an equitable title to an undivided ¼ interest, which, with the ½ interest owned by Christian, reduced defendant's interest to ¼ conveyed in his deed to Christian. Upon this theory, he asserts that if liable under the warranty the recovery should be limited to ¼ of the $5,319.22. We pretermit details of the evidence offered upon this, other than to state that plaintiffs did not pay direct to Bill Bumpus the $5,000 received by him, and plaintiffs denied that they knew Bill owned a ¼ interest. The damages cannot be so reduced as urged, for defendant's warranty extended to the whole of the ⅔ interest acquired by plaintiffs. Morriss v. Hesse, supra; Bigham v. Bigham, supra; Galveston, H. & S. A. Ry. v. Pfeuffer, supra. In 14 Am.Jur. p. 577, citing 61 A.L.R. p. 149, with holdings there detailed, it is stated: "The vendor cannot reduce the amount of damages assessable for a breach of covenant by showing that the whole or a portion of the consideration paid by the vendee inured to the benefit of, or was actually paid to, a third person, for, having assumed to warrant the title and such warranty having been accepted by the vendee, he is liable for a breach thereof to the extent of the consideration actually parted with by the vendee." As stated in Coleman v. Luetcke, supra [164 S.W. 1120]: "Even if Luetcke [plaintiff] had full knowledge of the defects in the title, it would not preclude him from a suit on the warranty." Defendant could have, but did not, limit his liability under its terms.

■ In plaintiffs' general prayer they ask for judgment against defendant for the value of ⅔ of 4.56 acres lost. In paragraph 7 of their petition they allege "that at the time the said Raymond Bumpus executed and delivered the * * * deed * * * conveying to Christian the 9.38 acre tract * * * the said Bumpus only owned an undivided ½ interest * * * and that he held title to the other undivided ½ interest therein in trust for the

said Christian." As we construe above pleadings, plaintiffs have confined the limits of their recovery to an undivided ½ interest in each of the 4.56 acres. Mathes v. Williams, Tex.Civ.App., 134 S.W.2d 853; 33 T.J. 466, § 46; Allen v. Draper, Tex.Civ.App., 204 S.W. 792; Griner v. Trevino, Tex.Civ.App., 207 S.W. 947, 948.

Accordingly, the judgment is reversed and here rendered that plaintiffs recover jointly of defendant the value of ½ of 4.56 acres at $1,749.78 per acre, in the total sum of $3,989.49 with 6% interest per annum from September 18, 1936.