## JONES et ux. v. JIMMERSON.
### No. 6260.

Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1947.

Carney & Carney, of Atlanta, for appellants.

Gordon R. Wellborn, of Henderson, for appellee.

HARVEY, Justice.

This case is an appeal from an order of the district court of Rusk County overruling a plea of privilege filed by appellants.

According to the allegations in his petition, Ben Jimmerson purchased a tract of land located in Rusk County, Texas, from J. R. Jones and wife, residents of Cass County, Texas, on January 5, 1945, upon their representations that they owned the land and nobody else had any claim to it; that thereafter, Mrs. Lizzie Parker sued Jones and wife and Ben Jimmerson in cause No. 17,100 in the district court of Rusk County for the tract of land in question and recovered title thereto. After that suit was concluded in the appellate courts, Jimmerson brought the present suit against Jones and wife for damages, and upon their warranty of title to the land he had bought from them. The contention made by appellants herein is that upon the hearing on the

plea of privilege, Jimmerson failed to establish a prima facie case of fraud in Rusk County, as well as the fact that he could not maintain his suit since the cause of action pleaded was adjudicated, or might have been adjudicated, in the previous case of Parker v. Jones et al., No. 17,100 (Jones v. Parker, Tex.Civ.App., 193 S.W.2d 863, on appeal).

■■ It is elementary that a plaintiff who seeks to retain venue in a county where suit is pending against a non-resident defendant who has filed his plea of privilege has the burden of making out a prima facie case against such non-resident defendant on the plea of privilege hearing. In the instant case, at the hearing on the defendant's plea of privilege, Jimmerson testified to the facts as alleged in his petition. It is our opinion that the averments of the petition and the proof adduced thereon at the hearing made out a prima facie cause of action. Venue in Rusk County was maintainable under Subdivision 7, art. 1995, Vernon's Texas Statutes 1936, which provides that in all cases of fraud suit may be brought in the county where the fraud was committed.

With respect to the point presented that Jimmerson's cause of action is res judicata by reason of the case previously tried in Rusk County, styled Parker v. Jones et al., and therefore Jimmerson had no basis upon which to predicate his suit, the record discloses that Mrs. Lizzie Parker sued J. R. Jones and Ben Jimmerson to set aside a deed she had made to him on the ground that it was a mortgage, and also to set aside a deed Jones had made to Jimmerson. Jimmerson did not implead Jones on his warranty, but pleaded that he was an innocent purchaser. In response to issues propounded them by the court, the jury found that Jimmerson knew of the claim to the land that Mrs. Parker was making prior to his purchase of it from Jones.

■■ A warrantee, when sued by a third party, may implead his warrantor. Johns v. Hardin, 81 Tex. 37, 16 S.W. 623; McGregor v. Tabor, Tex.Civ.App., 26 S.W. 443; McLean v. Moore, Tex.Civ.App., 145 S.W. 1074; Texas Rules of Civil Procedure, rule 786. However, it is not obligatory upon the warrantee to implead his warrantor, and it is optional with him whether or not he desires to do so. It is a permissive right rather than a legal duty. The vendee may wait until his title fails before he enters suit upon his contract of warranty. Therefore, when Jones and his vendee, Jimmerson, were sued, Jimmerson had the option of filing a cross-action on the warranty of title against Jones, or of waiting until after his title had failed before asking for relief in a separate suit. The doctrine of res judicata, or estoppel by judgment is not applicable in this instance. The rule, as generally stated, is that a judgment of a court of competent jurisdiction is conclusive, not only as to the subject matter determined in the suit, but as to all other matters which might have been decided or litigated in the case. Nichols v. Dibrell, 61 Tex. 539. This is a rather loose statement and cannot be accepted too literally by reason of the many limitations and qualifications of the rule. See 26 Tex. Jur., p. 11, Sections 353, 419, 440, and 441; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526. A more concise statement of the principle is given in 34 C.J., Sec. 1325, as follows: "The true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit, otherwise not."

In the case now under consideration, the estoppel by judgment relied upon was in an action by Mrs. Lizzie Parker against Jones and Jimmerson for the cancellation of the two deeds in question. The pleadings did not present the question, directly or incidentally, of Jimmerson's cause of action against Jones on his warranty or on the issue of fraud. Although the issue of innocent purchaser by Jimmerson was decided adversely to him by the jury, that was an adjudication of his rights as between him and Mrs. Parker; he still had his claim

against Jones for breach of warranty and fraud. Granting that he knew of a claim being made by Mrs. Parker before he accepted the deed from J. R. Jones, that in itself would not destroy his alleged cause of action against Jones. Texas Western Railroad Co. v. Gentry, 69 Tex. 625, 8 S.W. 98; Coleman v. Luetcke, Tex.Civ.App., 164 S.W. 1117.

Proper venue in the case being in the district court of Rusk County, the trial court properly overruled the plea of privilege, and his action in this regard is affirmed.