# Steed *v.* Hinson.

*Action by Lessor, on Written Contract for Rent.*

1. *Rent as incident to reversion.*—Rent is an incident of the reversion, and passes with it to an assignee, unless expressly reserved or severed.

2. *Parol evidence, as to consideration of deed.*—The consideration clause of a deed is always open to inquiry or explanation, and the true consideration may be shown by parol, except when different in character, or inconsistent with that recited or expressed.

3. *Same.*—Where rented lands are sold and conveyed by deed, on a recited consideration of money in hand paid, it is competent for the lessor and vendor, in a subsequent action against the tenant on the rent-contract, to show by parol that, by the terms of the contract of sale, the note for rent was reserved and retained by him, as a part of the consideration, in addition to the sum specified in the conveyance.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JOHN MOORE.
VOL. LXXVI.

[Steed v. Hinson.]

This action was brought by Mrs. Mary E. Steed (formerly Ray), against J. L. Hinson ; and was founded on the defendant's written contract for the payment of rent, which was dated Nov. 14th, 1881, and in these words : " On or by the first day of October, 1882, I promise to pay M. E. Ray twelve hundred and fifty lbs. lint-cotton, to be packed in merchantable form, and delivered at Fort Deposit ; the same being for rent of her entire plantation and premises near Mount Willing, Lowndes county, Alabama." The defendant pleaded *not guilty*, payment, failure of consideration, and a special plea which averred that, in June, 1882, before the rent became due, plaintiff sold and conveyed the rented lands to one Favors, and by virtue thereof the right to the rent passed to and vested in said Favors. There was a demurrer to this special plea, which was overruled by the court ; and the plaintiff then filed a special replication to it, averring " that the note now sued on was part of the consideration money paid by said Favors to plaintiff on the purchase of said lands, and defendant had full knowledge of that fact before the said rent became due." There was a demurrer to this replication, which the court overruled ; and issue was then joined on it, as on the other pleas without objection.

On the trial, a bill of exceptions was reserved by the plaintiff, as follows : " The plaintiff read in evidence the written contract described in the complaint, and introduced evidence showing that the defendant had rented certain lands from her for the year 1882, and had given her the said writing in consideration of the said renting ; and the plaintiff here rested. The defendant then offered evidence tending to show that, in June, 1882, plaintiff sold and conveyed, by warranty deed, to one Favors, the said rented premises ; that said deed purported to be upon the consideration of $600, and mentioned no other consideration, and made no reservation of the rent of said lands for the year 1882 ; and that he (defendant) had paid and delivered to said Favors the rent due by said contract, but after he had notice that plaintiff still claimed and held said written contract given for the rent. The plaintiff then offered parol evidence tending to prove that the real consideration of the said sale of the lands was $600 and the said rent-note described in the complaint ; which said note, or written contract, by the consent of said Favors, and in pursuance of the said terms of sale between them, plaintiff retained as her own, upon the delivery of the deed for said lands. On objection by the defendant, that said evidence was illegal and inadmissible, because it was of a parol nature, and tended to vary or contradict the legal effect of the said conveyance, the court refused to allow said evidence to be introduced ; to which ruling of the court the plaintiff duly excepted."

[Steed v. Hinson.]

The exclusion of this evidence is now assigned as error.

GUNTER & BLAKEY, for the appellant, cited *Driver v. Hudspeth*, 16 Ala. 348; *McKeagg v. Collehan*, 13 Ala. 828; *Kirksey v. Bates*, 1 Ala. 303; *Gayle v. Randle*, 1 Stew. 529; *Patton v. Gilmer*, 42 Ala. 548; *Mead v. Steger*, 5 Porter, 498; *Simonton v. Steele*, 1 Ala. 357; *Litchfield v. Falconer*, 2 Ala. 380; *Cuthbert v. Bowie*, 10 Ala. 163; *La Rogue v. Russell*, 7 Ala. 798; *Brown v. Isbell*, 11 Ala. 1009; *McGehee v. Rump*, 37 Ala. 654; *Woolam v. Hearn*, 2 Lead. Cases, 946, 4th Amer. ed., and cases cited in note; *Terry v. Wheeler*, 25 N. Y. 520; *Filkins v. Whylan*, 24 N. Y. 338; *Potter v. Hopkins*, 25 Wend. 417; *Barker v. Bradley*, 42 N. Y. 316; *Crane v. Library Co.*, 5 Dutcher, 302; *Whitbeck v. Waine*, 16 N. Y. 532.

HOUGHTON & TYSON, *contra*, cited *English v. Key*, 39 Ala. 113; *Tubb v. Fort*, 58 Ala. 277; *Hand v. Liles*, 56 Ala. 143; *Westmoreland v. Foster*, 60 Ala. 448; *Lovelace v. Webb*, 62 Ala. 271; *Gayle v. Randall*, 71 Ala. 469; *Otis v. McMillan*, 70 Ala. 46; 4 Wait's Ac. & Def. 198; *Davis v. Lassiter*, 20 Ala. 561; *Melton v. Watkins*, 24 Ala. 433; *Huffman v. Hummer*, 17 N. J. Eq. 269; *French v. Griffin*, 18 N. J. Eq. 279; *Williams v. Higgins*, 69 Ala. 517; *Goodlett v. Hansell*, 66 Ala. 151; *Flint v. Sheldon*, 13 Mass. 443; 2 Hilliard on Torts, 342; 32 N. J. Eq. 222, 233; 1 Brick. Digest, 865, §§ 866–7; *Green v. Casey*, 70 Ala. 417; *Bank v. Railroad Co.*, 69 Ala. 305.

CLOPTON, J.—" Rent is incident to the reversion; and the lessor's transfer of the reversion, though without the tenant's attornment to the assignee, or any express mention of the rent, carries with it the rent falling due thereafter. The holder of the reversion may, indeed, sever the rent from the reversion; but, unless it is specially severed, the rent follows the reversion as a part of the realty."—*English v. Key*, 39 Ala. 113. Whether there may be a parol reservation of the rent, where the lessor absolutely conveys the reversion, and the grantee pays the full consideration otherwise, is a question not involved in the record, and which we leave undecided. The contention is, whether it is competent to show, by parol evidence, that the real consideration of the sale of the lands was the sum of six hundred dollars—the consideration expressed in the conveyance—and the defendant's written contract for the rent, which the plaintiff, on the delivery of the deed, retained with the consent of her grantee, in pursuance of the terms of sale.

[Steed v. Hinson.]

The consideration clause of the deed is not conclusive. The validity of the conveyance does not depend on the amount of the consideration expressed therein, and it is not presumable that the attention of the parties was specially directed to the subject. The recitals of the consideration, general or special, are always open to inquiry, and the true consideration may be shown, to sustain, vary, or defeat them. It is not permissible to prove a consideration different in character, or inconsistent with the one expressed; but, when the consideration recited is valuable, the amount may be lessened or enlarged by extrinsic evidence. Parol evidence, for this purpose, is not regarded as tending to vary or contradict the terms or legal effect of the deed. The amount of the consideration, or whether it was money or some other property, or both, is not deemed an essential element of the contract; and an additional consideration to that shown in the deed may be shown by parol.—*McGehee v. Rump*, 37 Ala. 651; *Wilkerson v. Tillman*, 66 Ala. 532; *Stringfellow v. Ivie*, 73 Ala. 209.

Section 2099 of the Code makes all contracts and writings for the payment of money or other thing, or for the performance of any act or duty, assignable by indorsement, so as to authorize an action thereon by each successive indorsee. This statute was intended to provide a *mode* of assignment by which the assignee may bring suit in his own name. Independent of the statute, such contracts are transferable by delivery; and the only limitation is, that an action thereon, if the contract be not for the payment of money, shall be brought in the name of the party having the legal title, for the use of the transferree. *Smith v. Wooding*, 20 Ala. 324; *Phillips v. Sellers*, 42 Ala. 658; *Henly v. Bush*, 33 Ala. 611. There is nothing in the form or nature of the contract sued on, that defeats its assignability, unless it be the particular consideration,—*rent of land*.

In *Thompson v. Spinks*, 12 Ala. 155, it was held, that the effect of the statute then in force, giving a landlord a lien, was, "that rent in arrears, or falling due, is merely a debt due from the tenant to the landlord, for the payment of which the latter has a lien on the crop grown on the premises." And in *Westmoreland v. Foster*, 60 Ala. 448, it was held, that the lien exists independent of the remedy by attachment, given to the landlord to enforce it, and passes by assignment of the rent-note. The statute at that time not extending the remedy by attachment to the assignee, the lien was enforced in his favor by bill in equity. The claim of the landlord for rent was assignable, previous to the enactment of section 3470, and the assignment carried with it the lien of the landlord. Such claims were not exceptions from other contracts for the payment of money or other thing.

[Steed v. Hinson.]

But, however this may have been, such claims are made assignable by section 3470, which provides: "The claim of the landlord for rent, and advances and property obtained, with values advanced, may be assigned by the landlord; and the assignee shall be invested with all the rights of the landlord, and be entitled to all his remedies to enforce them." It is manifest that the effect of the statute is, to authorize a severance of the claim for rent from the reversion; and this may be shown by parol evidence, where such evidence does not tend to contradict or vary the terms or legal effect of the deed. In *Quimby v. Stebbins*, 55 N. H. 420, parol evidence was admitted to prove a contract, that the vendor should occupy the premises sold for a designated term thereafter, as part of the consideration of the conveyance. Cushing, C. J. said: "But the defendant, not denying the plaintiff's right to the possession of the lands, and not denying that he would liable to pay for it, and not denying the receipt of the consideration so far as is necessary to support the deed, proposed to show that a part of the consideration of the deed was, by agreement, to be applied in payment of this rent. If so much of the consideration of the deed had been left in the plaintiff's hands unpaid, the defendant might have maintained an action to recover the balance. He may equally well show, that so much of the consideration money of the deed has been paid by the plaintiff and received by him, by its being appropriated to the payment of this rent."—*Kent v. Kent*, 18 Pick. 569; *Preble v. Baldwin*, 6 Cush. 649.

The plaintiff does not controvert, that by the grant her grantee acquired an equitable right to the rent-contract, as an incident to, and as following the reversion. But, conceding this, she proposed to prove a fact independent of the terms or legal effect of the conveyance,—a collateral agreement incidentally connected with its stipulations.—*Davenport v. Mason*, 15 Mass. 85. If a part of the consideration money had been left unpaid, and some time afterwards, the rent-contract having been previously delivered, her vendee had re-delivered it to her in payment of such unpaid balance, her right to recover from the defendant would not be questioned. What difference, in principle, does it make, that, instead of the mere form of an instantaneous manual delivery and re-delivery, the plaintiff was allowed to retain the contract in part payment of the consideration of the conveyance? No indorsement, or other written assignment, was necessary to vest the legal title. The contract being payable to her, the legal title was, and remained in her; and the retention of the note as part payment, with the consent of the vendee, and in pursuance of the terms of sale, reunited in her the legal and equitable title.

[Ala. Great Southern Railroad Co. v. Hill.]

For the purpose for which it was offered, the parol evidence should have been admitted.

Reversed and remanded.