# LEE ANTHONY, Respondent, v. FRANK ROCKE-FELLER, Appellant.

### Kansas City Court of Appeals, June 8, 1903.

1. **Deeds: REFORMATION: EVIDENCE: FRAUD.** In the absence of fraud, accident or mistakes in the execution of a deed or other written contract, no evidence can be heard of prior or contemporaneous agreements.

2. **———: POSSESSION: BREACH OF COVENANTS: ORAL AGREEMENTS: EVIDENCE.** Possession of land is a part of the thing conveyed by a deed thereto, and the failure to deliver such possession is a breach of the covenants; and a contemporaneous oral agreement that the seller remain in possession is inconsistent with the deed and can not be received in evidence; and knowledge of a lease by a vendee does not affect his rights under his covenants.

3. **Landlord and Tenant: REMOVAL OF FIXTURES: NEW LEASE.** Although a tenant for a term certain may remove fixtures placed by himself, he must do so during his term; and if he takes a new lease for another term without reserving the right of removal he loses it whether or not the fixtures be trade or agricultural, which are permitted to be removed by the policy of the law; and this is especially so when the lease is an independent contract with a new landlord.

4. **Deeds: BREACH OF COVENANT: TENANT: REMOVAL OF FIXTURES: NEW LEASE.** So where a vendee makes a new lease with his vendor's tenant which does not reserve to the tenant the right of removal of fixtures, the fixtures become the vendee's and he can not charge their subsequent loss against his vendor on the covenants in his deed.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*B. P. Finley* for appellant.

(1) The plaintiff having agreed to accept and having accepted the deed to the premises with a full knowl-

edge of all the facts in relation to the improvements and to the possession of the land by the tenants, waived his rights in the premises, and is now estopped to set up the claims he now makes. Williams v. Railroad, 153 Mo. 487, and cases cited. (2) The improvements having been made by the tenants of defendant, without his knowledge or consent, and, of course, without his consent that they might be removed, and they having accepted a lease of the same premises from the plaintiff, and having attorned to him, without reserving the right to remove these improvements, the improvements became fixtures and passed with the real estate, and became the property of the plaintiff, and the plaintiff had no right to relinquish possession of them. Scoffin v. Grandstaff, 12 Kan. 471; Hammerslough v. Hackett, 48 Kan. 700; O'Meara v. McDaniel, 49 Kan. 685; Walker v. Kirshner, 2 Kan. App. 371; Rawle on Covenants, p. 229; Clark v. Mumford, 62 Tex. 531; Woodford v. Leavenworth, 14 Ind. 311; Marvin v. Applegate, 18 Ind. 425; Crance v. Collenbaugh, 47 Ind. 256; Sheets v. Longlois, 69 Ind. 491; Neill v. Trust Co., 89 Mo. App. 644; Williams v. Lane, 62 Mo. App. 66. (3) The Johnsons leased the land of Mr. Rockefeller from year to year. They renewed their leases with Rockefeller two or three times. A tenant who has the right to remove trade fixtures during his term, loses that right if he fails to reserve it when he continues in possession, after the expiration of his term, under a new agreement. Wattriss v. Bank, 124 Mass. 571; McIlver v. Esterbrook, 134 Mass. 550; Talbot v. Cruger, 81 Hun 504; Affirmed 151 N. Y. 117; Handy v. Aldrich, 168 Mass. 34; Carlin v. Ritter, 68 Md. 478; Williams v. Lane, 66 Mo. 66. (4) The removal of buildings by a tenant, after accepting a new lease of premises without reserving any claim to the buildings as chattels, is not a breach of covenant of seizin and quiet enjoyment of a deed by the landlord. Loughran v. Ross, 45 N. Y. 792; Griffin v. Randsell, 71 Ind. 440.

*Elijah Robinson* and *Harris Robinson* for respondent.

(1)    There was not a particle of evidence in the case tending to show either that any fraud was practiced by plaintiff to obtain the deed, or that there was any mistake in its execution.    In fact, defendant himself testified that there was neither fraud nor mistake. On the contrary, he understood perfectly the contents of the deed at the time he delivered it to the plaintiff. Under this evidence he was certainly not entitled to have the deed reformed.    Grand Lodge v. Sater, 44 Mo. App. 453; Nevins v. Dunlap, 33 N. Y. 680; Railroad v. Railroad, 149 N. Y. 51; Coal Co. v. Doran, 142 U. S. 417; Badwell v. Heaton, 40 Kan. 39.    (2)    Oral testimony was not admissible for the purpose of showing a contract different from that expressed in the deed.    Morgan v. Porter, 103 Mo. 135; State ex rel. v. Hoshaw, 98 Mo. 358; Lear v. Durgin, 64 N. H. 618; State v. Mayor of Nashville, 2 Tenn. Ch. 755; Rathburn v. Rathburn, 6 Barb. (N. Y.) 96; Noble v. Bosworth, 19 Peck. (Mass.) 314; Miller v. Fletcher, 27 Grat. (Va.) 413; Warren v. Miller, 38 Me. 108; Wadsworth v. Warren, 79 U. S. 307; McComb v. McKennan, 2 W. & S. (Pa.) 216; Lyon v. Miller, 24 Pa. St. 392.    (3)    The deed in question contained an express covenant that the land thereby conveyed was free from incumbrances.    The unexpired lease constituted an incumbrance.    There was, therefore, an immediate breach of the covenant, which gave plaintiff a right of action for damages.    The law on this subject is well settled.    Wetherbee v. Bennett, 2 Allen (Mass.) 428; Bachelder v. Sturgis, 3 Cush. (Mass.) 201; Edwards v. Clark, 83 Mich. 246; Fritz v. Pusey, 31 Minn. 368; Rickert v. Snyder, 9 Wend. 416; Porter v. Bradley, 7 R. I. 538; Bolling v. Lersuer, 26 Grat. (Va.) 36; Moreland v. Metz, 24 W. Va. 119; Clark v. Fisher, 54 Kan. 403; Pilcher v. Railway Co., 38 Kan. 516; Real v. Hollister, 20 Neb. 112; Reasoner v. Edmundson, 5

Ind. 393; Cushman v. Blanchard, 2 Me. 269; Wilson v. Cockran, 46 Pa. 231; Jackson v. Green, 112 Ind. 341; Pollard v. Dwight, 4 Cranch 421; Le Roy v. Beard, 8 How. 451; Peters v. Bowman, 98 U. S. 56. (4) It is unnecessary to discuss the question as to what would have been the legal effect of the Johnsons taking from plaintiff a new lease at the expiration of their term under defendant, without reserving in such new lease a right to remove the improvements. In the first place, they took from plaintiff a lease of only 150 acres of the land in controversy, and the improvements which they subsequently removed were not located upon that 150 acres. In the second place, Johnsons' term under defendant did not expire until the 1st day of March, 1901. They had been in possession several years and were tenants from year to year. Adams Express Co. v. McDonald, 21 Kan. 489; Section 2, General Statutes of Kansas 1897.

ELLISON, J.—This is an action on the covenants in a general warranty deed to lands lying in the State of Kansas. The plaintiff prevailed in the trial court. Defendant sold the land to plaintiff and conveyed it to him by general warranty deed dated August 15, 1900, containing the usual covenants. It however made the following exceptions to such covenants:

"1. The second party assumes and agrees to pay the taxes levied upon the premises for the year 1900.

"2. The first party shall be entitled to receive the rents of the land for the current year, whether in money or by way of interest in or share of the crops produced thereon, excepting the corn crop which goes to Lee Anthony."

It appears that at and before the execution of this deed the land was in possession of two tenants who had put certain valuable improvements upon it, viz., a barn, granary, windmill, wire fence, etc. The tenants refused to give plaintiff possession of the land and defendant

failed to install him in possession. That afterwards, while said tenants were yet in possession, they removed the improvements. Plaintiff thereafter instituted this action on the covenants in the deed, for the loss of the improvements and the possession. The defendant filed an "answer and cross-petition," in which he seeks to reform the deed so as to have it except from the covenants the improvements and the immediate delivery of possession. He alleges as grounds therefor, that plaintiff knew the tenants had and were to retain possession until the following March and that they owned and had the right to remove the improvements aforesaid. That defendant (who resided a great distance from the land) did not know until informed by plaintiff that the tenants had made such improvements and that he stated to plaintiff that he did not sell such improvements and would not attempt to convey them and that he would not deliver the deed (which had been prepared) except upon the understanding and condition that the tenants could remove such improvements, and that plaintiff was not to have possession until the first of September, 1900, and that plaintiff accepted the deed with that understanding. That the deed was not made to show such exceptions for the reason stated and that defendant was obliged to leave on business and could not remain to have another deed prepared. That by plaintiff's suit he was attempting an unconscionable advantage and that he ought to be estopped therefrom. The prayer was that he be enjoined from prosecuting his suit until the deed was corrected.

There is no allegation in the defendant's answer and cross-petition that there was any fraud, accident or mistake in the execution and delivery of the deed. Nor was there a particle of proof of either. It is so well settled in this State that, in the absence of fraud, accident or mistake in the execution of a deed or other written contract, no evidence can be heard of prior or contemporaneous agreements, that it is sufficient to

merely refer to some of the cases without again going over the reasons for the rule. State ex rel. v. Hoshaw, 98 Mo. 358; Pearson v. Carson, 69 Mo. 550; Bast v. Bank, 101 U. S. 93; 2 Kent 556.

The case, then, as made by the pleading is, that defendant executed to plaintiff a general warranty deed to lands which did not except from the covenants the improvements on the land, or that possession thereof should be immediately delivered to the buyer. We have decided in the case of Hickman v. Hickman, 55 Mo. App. 303, that possession of land was a part of the thing conveyed by the deed thereto, and that a failure to deliver was a breach of the covenants in the deed; and that a contemporaneous oral agreement that the seller was to remain in possession was inconsistent with the deed and could not be received in evidence. It necessarily follows from what has just been said that knowledge of a lease by the plaintiff would not affect his right under his covenants. Beach v. Miller, 51 Ill. 206, 211. Knowledge of a lease may be a strong reason for taking covenants against its continuance. There was wide range of the evidence and great liberality on the part of the trial court in hearing it, yet a greater part of it, as well as of the argument, was in the face of the affirmative matter set up in his pleading. It follows that but for the following consideration plaintiff's judgment should be affirmed *in toto*.

It is claimed by defendant that the tenants attorned to plaintiff for one hundred and fifty acres of the land by accepting a lease from him for that part of the tract in September. The evidence shows that to be a fact. And it further shows that of the improvements in controversy, the windmill was on that part of the land.

The law is that although a tenant, for a certain term, may have the right to remove fixtures placed by himself, he must do so during his term, or while he holds as tenant; but that if he takes a new lease from another without reserving the right, he loses it. Williams v.

Lane, 62 Mo. App. 66; Watriss v. Bank, 124 Mass. 571; McIver v. Easterbrook, 134 Mass. 550; Talbott v. Cruger, 151 N. Y. 117; Carlin v. Ritter, 68 Maryland 478: And this is true whether the fixtures are what are known as trade or as agricultural fixtures which are permitted to be removed, from the policy of the law. It has been disputed whether this rule is sound where the new lease is a mere renewal and a continuation of the same landlord and tenant (Kerr v. Kingsbury, 39 Mich. 150); but there is no ground to question the rule, when, as here, the lease is an independent contract with a new landlord.

So, therefore, when plaintiff made the new lease to these tenants without reserving the windmill, it became plaintiff's through his deed from defendant and its subsequent loss can not be charged upon defendant, since plaintiff got possession by the attornment and he got possession of the mill by the lease and he should have protected it for himself. The defendant's covenant was not broken as to it. Loughran v. Ross, 45 N. Y. 792.

The judgment will therefore be affirmed. All concur.