# Burroughs *v.* Pate.

### *Breach of Covenant.*

(Decided Nov. 23, 1909. Rehearing denied Feb. 26, 1910.
51 South. 978.)

1. *Evidence; Deed; Parol Reservation; Merger.*—Whether made prior to or contemporaneous with the execution of an absolute conveyance, any parol reservation of the property conveyed becomes merged in the deed, and the deed takes effect as an operative conveyance according to its terms, from the time of delivery.

2 *Same.*—The legal effect of an absolute conveyance cannot be varied or qualified by a reservation in parol, so as to make the estate conveyed commence in the future, or so as to limit or restrict the use or enjoyment of the property conveyed.

3. *Same; Consideration; Parol Evidence.*—The consideration of a deed may be explained by parol evidence.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by J. M. Burroughs against T. J. Pate for breach of the covenant of possession and quiet enjoyment. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The breach declared on is for quiet and peaceable possession when in fact the premises were not in the quiet and peaceable possession of the defendant, but were in the possession of one S. J. Johnson, who occupied and now occupies the same under a right of possession paramount and superior to that of the defendant. The second breach declared on was warranty of title, which was breached in that at the time the deed was made the said defendant did not have title to said property, but, on the contrary, there was a paramount outstanding leasehold interest therein for a number of years in one S. J. Johnson, who holds the said property under the said right or lease, and refuses to permit or

allow the plaintiff to enter into possession thereof. The third breach complained is that the defendant warranted that he was seised of the indefeasible title and estate to said land, when in fact the premises aforesaid were not free from incumbrance at the time of making said deed; but, on the contrary, plaintiff avers that at said time one S. J. Johnson had the paramount and lawful right and title to said premises under and by virtue of a lease executed by the said defendant to the said S. J. Johnson on, towit, the 4th day of January, 1907, for a term of five years therefrom. It is further alleged that the said Johnson has declined and refused to allow the plaintiff to enter into possession of his said property, or has ousted or evicted the plaintiff from said premises, although the plaintiff had made lawful demand therefor.

Pleas 4 and 6 were as follows: (4) "That the defendant was the grantor of the said deed of conveyance mentioned in said complaint, and that while the said deed of conveyance recites a money consideration of $1,500, for which defendant bargained and sold to the plaintiff a certain tract of land correctly set out in said complaint, yet as a matter of fact said deed of conveyance does not set out in words and figures a true recital of the real consideration flowing from the defendant to the plaintiff, but defendant avers that said real consideration was as follows: That at the time of the execution of said deed of conveyance there was a lease of said tract of land to one S. J. Johnson for a term of five years, one year of which had about expired, of which fact the plaintiff was well informed at the time of the said bargain and sale of the said tract of land; that defendant agreed to convey said tract of land to the plaintiff for a consideration of $1,200, and transfer the said lease to said tract of land to the

plaintiff for an additional consideration of $300, the purchase price of said lease, provided defendant should be allowed to collect and retain the first payment due under said lease or rent contract; and defendant avers that plaintiff accepted such proposition, and that he has transferred and delivered said lease to plaintiff, and that plaintiff has accepted the same; and defendant avers that the said tract of land and the transferring the lease on the said tract of land was the real consideration flowing from the defendant to the plaintiff. Wherefore defendant says he has not breached his warranty in said deed." (6) "Defendant says plaintiff ought not to recover in said action, because at the time defendant sold and conveyed to plaintiff the premises therein described the plaintiff was fully informed and well aware of the existence of the possession, right, or leasehold interest in said Johnson as alleged in his complaint, and bought said land subject thereto; it being agreed between the plaintiff and defendant as a part of their trade, and as part of the consideration thereof, that said Johnson was to retain possession of the said premises during the remainder of the term of the lease contract with the defendant, and that said Johnson was to convey to the defendant the amount of money due on his first payment under said contract, and was to pay to the plaintiff the amount of money due on his remaining payment under his said contract."

The demurrers to plea 4 were that it presented immaterial issues and illegal issues, in that it undertook to set up an agreement different and variant from that set up in the deed; in that it undertakes to set up an oral agreement between the parties to the contract, or vary the express terms of the deed. The same grounds were assigned to plea 6.

[Burroughs v. Pate.]

DANIEL COLLIER, and R. H. SCRIVENER, for appellant. —At common law there is no general issue or plea which amounts to a general traverse on the whole declaration for breach of covenant.—2 Greenl. sec. 233. The court should have sustained the demurrers to pleas 4 and 6.—*Steele v. Hinson,* 76 Ala. 298; *Holt v. Williams,* 5 Ala. 521; *Holley v. Young,* 27 Ala. 207. The consideration of a deed is open to explanation by parol. —*Sanders v. Hendricks,* 5 Ala. 224; *Gravelee v. Lampkin,* 120 Ala. 221. A deed may not be varied, contradicted or explained by parol.—*Rogers v. Peebles,* 61 Ala. 82; *Thompson v. Glass,* 136 Ala. 648; 17 Cyc. 619-20. No parol reservation can be made whether prior to or contemporaneous with the execution of the deed. —*Wright v. Graves,* 80 Ala. 416; *Williams v. Higgins,* 69 Ala. 517; *Melton v. Watkins,* 24 Ala. 433. The covenants were broken when the deeds were delivered.— *Copeland v. McAdory,* 100 Ala. 557; *Anderson v. Knox* 20 Ala. 156; *Andrews v. McCoy,* 8 Ala. 920; *Sayre v. Sheffield,* 106 Ala. 440; *Treadwell v. Tillis,* 108 Ala. 262; *Adams v. Robertson,* 67 Ala. 586. Charge 2 should have been given.—*Gunter v. Beard,* 93 Ala. 235.

BROWN & WARD, for appellee.—Plea 2 was the plea of the general issue under section 5331, Code 1907, and did not have to be sworn to.—*Mayor v. White,* 19 South. 428. The case was fairly submitted to the jury on a single issue determining the rights of the parties, and any erroneous ruling was error without injury.— *Burgin v. Marks,* 48 South. 348. It is well settled that under a deed reciting a money consideration or other express considerations, that it is competent to support the conveyance by parol proof of any consideration however much it may differ from the one recited, if it is valuable, without affecting the operation of an in-

strument or varying or altering the writing.—*Hubbard v. Allen,* 59 Ala. 297; *R. R. Co. v. Pippin,* 86 Ala. 357; *Pique. v. Arendale,* 71 Ala. 91; *Pettus v. Roberts,* 6 Ala. 811; *Stringfellow v. Ivey,* 7 Ala. 209; *Mobile Bank v. McDowell,* 8 South. 133; *Kelly v. Karsner,* 2 South. 164; *Steed v. Hinson,* 76 Ala. 298. It was competent to show that the whole matter was understood by the vendor and the vendee and that such understanding was a part of the consideration for the sale of the land and the transfer of the lease.—6 A. & E. Ency. of Law, 766-773; *Lowery v. Downing,* 50 N. E. 79; 17 Cyc. 655.

ANDERSON, J.—Any parol reservations to property conveyed, whether prior to or contemporaneous with the execution of an absolute conveyance, are merged in the deed, and it takes effect as an operative conveyance, according to its terms, from the time of delivery. Its legal effect cannot be varied or qualified, by a reservation in parol, so as to make the estate conveyed commence in futuro, or so as to limit or restrict the use or enjoyment of the property conveyed. Upon the execution of the deed in question, the plaintiff was entitled to the immediate possession of the land, without condition or reservation.—*Wright v. Graves,* 80 Ala. 416; *Williams v. Higgins,* 69 Ala. 517.

That the consideration of a deed can be explained by parol there can be no doubt, subject, of course, to certain limitations and restrictions; but the agreement, set up in the special pleas, and the proof offered in support of same, went beyond the explanation of the consideration and tended to limit or restrict the unqualified use and enjoyment of the land conveyed. It qualified the plaintiff's use and enjoyment of the land by subordinating his right to the expiration of the ex-

isting lease. It matters not that the plaintiff was to get the rent for the years subsequent to the transaction, as he was, by the existence of the lease, deprived of such a right to the land as was conveyed to him by the deed. If a parol agreement could restrict the grantee's use and enjoyment of the land, pending a lease for 4 or 5 years, by analogy it could be done for 99 years, at a time when leases for so long a time were authorized. It matters not how short a time the period of enjoyment may be postponed, or how little the estate conveyed may be reduced. If the parol evidence does this, it is not admissible, and this view is not only in harmony with early legal principles, but is fully sustained by the former decisions of this court.

In the case of *Melton v. Watkins,* 24 Ala. 433, 60 Am. Dec. 481, a deed, absolute in terms, was executed, and the grantor attempted to show, by parol, a contemporaneous agreement, whereby he was to retain the use of the land until the expiration of the ensuing farming season. The court held that, the reservation not being in the deed, or otherwise in writing, it varied, by parol, the legal effect of the deed, and took from the grantee an interest which the deed conveyed to him.

We find a few authorities which would, perhaps, justify the admissibility of the parol evidence, offered in the case at bar, not based upon the idea that the legal effect or character of the estate would be changed, but upon the theory that the qualification or restriction of the use does not necessarily change or qualify the title. Notable among these will be found the case of *Hall v. Solomon,* 61 Conn. 476, 23 Atl. 876, 29 Am. St. Rep. 218, and authorities there cited. We indorse, however, what is said by the learned writer of the note on page 201 of 5 Am, St. Rep., and which is, in part, as follows: "While these cases do not profess to de-

part from the general rule, which rejects parol evidence when offered to vary or enlarge a written contract, they seem to us to proceed to evade that rule, without suggesting any general test by which to determine when such evasion is proper. In fact, while professing to respect the rule, they refuse to apply it; and, if they be judicially sound, we know not when the rule may not be held inapplicable, or whether the existence of the rule ought to be affirmed or denied with the more confidence. They furnish additional proof that hard cases are the quicksands of the law; in which quicksands the law is either hidden from sight or smirched beyond recognition." Our court has not only respected the rule, but has generally applied it when the occasion arose, regardless of the rigor or hardship in any given case, and we quote from the *Melton Case*, *supra*: "As we have said on a former occasion, there is no hardship in requiring parties to make their writing, which they adopt as the evidence of their agreement, speak truly its terms. Were we to depart from this evidence, and to go out in search of parol negotiations, either at or before the time the parties reduced their contract to writing, we should open a wide door for fraud and perjury, and would introduce the greatest uncertainty, in many cases, as to what the contract of the parties really was. The policy of the law is clearly opposed to relaxing the stringency of the rule." See *Seay v. Marks,* 23 Ala. 532.

Our attention is called to the case of *Steed v. Hinson,* 76 Ala. 298, as an authority in support of the ruling of the trial court, and which doubtless induced same, and which, we confess, is calculated to mislead. It will be observed, however, that the opinion, in said case, guards against holding that the rent could be reserved by parol, when the lessor absolutely conveys

the reversion, and seems to proceed upon the idea that the rent was a mere incident to the reversion, which could be severed, and which was severed, before the delivery of the deed. In other words, the estate conveyed was not limited or restricted, but the grantor got all he bought; the rent for the year of the sale being a mere incident and was severed before the deed was delivered and which did not restrict or limit the title or estate conveyed.

Whether this is a real distinction or not we need not determine, for, if it is not, we are not disposed to extend the exception any further than was done in the *Steed Case, supra,* and which said case can be differentiated from the case at bar. The agreement set up in the case at bar went beyond the mere serverance of the rent for the year of the transaction and limited and restricted the absolute use and enjoyment of the estate pending the existing lease for several years, and notwithstanding the deed conveyed an absolute estate, with the immediate right to the unrestricted use and enjoyment of the premises.

The trial court erred in not sustaining the plaintiff's demurrers to pleas 4 and 6, and the judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and EVANS and SAYRE, JJ., concur.