MORRISS v. HESSE. (No. 6181.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1919. Rehearing Denied April 9, 1919.)

1. EVIDENCE ☞419(4) — PAROL EVIDENCE —COVENANT AGAINST INCUMBRANCES.

In action for damages for breach of covenant against incumbrances, consisting of retention of possession of the granted premises by a tenant of the vendor for several months after the conveyance, parol evidence is inadmissible to show that the plaintiff grantee assumed the burden imposed by the tenant's occupancy, and took the land subject to the tenant's right of possession.

2. COVENANTS ☞96(3) — AGAINST INCUMBRANCES—UNEXPIRED LEASE.

An unexpired lease constitutes an incumbrance, in that it entitles the tenant to a right or interest, to the diminution of the value of the land conveyed.

3. COVENANTS ☞97—QUIET ENJOYMENT.

An unexpired lease is a breach of the covenant for quiet enjoyment.

4. COVENANTS ☞127(6) — INCUMBRANCES —SET-OFF.

A grantee, receiving from tenant in possession of the granted premises lease money or part of the crops in lieu of lease money, is chargeable with what he so receives as an offset to his claim, under covenants in his deed, for the value of the use of the land during the time he is deprived thereof by reason of the tenant's possession.

5. COVENANTS ☞131—INTEREST.

In an action for damages for breach of covenant against incumbrances consisting of an outstanding lease of the granted property, interest was properly allowed on the amount found by the jury as the amount by which the value of the use and enjoyment of the land by the grantee was diminished by occupation of the premises by the lessee.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Charles W. Green against Nellie Hesse and another, in which by plea A. G. Morriss was made a party. From judgment for Nellie Hesse against said Morriss, the latter appeals. Affirmed.

Will A. Morriss and W. H. Lipscomb, both of San Antonio, for appellant.

Don A. Bliss, of San Antonio, for appellee.

MOURSUND, J. Charles W. Green sued William and Nellie Hesse, upon a certain vendor's lien note, executed by A. G. Morriss to Will A. Morriss, and assumed by said William and Nellie Hesse upon the purchase by them of certain tracts of land situated in Kerr county. William Hesse died pending the suit. Nellie Hesse and the children of William Hesse filed a plea, making A. G. Morriss a party, and sought to recover damages from him on account of the fact that at the time he conveyed said tracts of land to said Nellie Hesse, to wit, on July 12, 1909, they were in the possession of a tenant, who continued in possession thereof until the latter part of November, 1909. For the purposes of this appeal, the cause of action thus asserted may be said to have been one based upon the covenant against incumbrances in the deed from said A. G. Morriss to Nellie Hesse, implied from the use of the words "grant and convey" therein and a general warranty of title, which covenant was alleged to have been breached by such failure to deliver possession. Said Morriss' answer contained the following allegations:

"* * * This defendant says that it is not true that he represented to or agreed with said defendant Hesse, nor her husband, William Hesse, that she or they should have immediate possession of the property conveyed by this defendant to said Hesse, upon the execution and delivery of said deed to her, but, on the contrary, avers that at the time of his agreement to convey said property to said Hesse, and at the time of the execution and delivery of his said deed, and as a part of the consideration therefor and at all times thereafter, it was understood and agreed between the parties that one Burks was then a tenant on the property so conveyed to said Hesse, and that the husband of defendant Hesse, to wit, William Hesse, under instructions and agreements with this defendant, saw and interviewed said tenant with regard to the time when said tenant could give possession of said lands and premises to said Hesse, and said Hesse took said property with the agreement and understanding that he should not have possession of same until such time in the fall or winter of 1909, when said tenant should surrender the possession of said premises, or when the tenancy of said tenant for the year 1909 should expire, and that said Hesse should have the lease or use of the premises in San Antonio, so traded by them to this defendant for said property, until such time as they could get possession from said tenant Burks, said William Hesse having prior thereto seen and interviewed said tenant with regard to the time when he, said tenant, should surrender said premises, and fully understanding and agreeing to the continued occupancy of said lands by said tenant until such later period in said year when said tenant could and would remove therefrom."

The cause of action asserted by Green having been severed from that of Nellie Hesse and the heirs of William Hesse against Morriss, the court, as to the cause of action against said Morriss, submitted to the jury only the question:

"By what amount, if any, was the value of the use and enjoyment of the land by an owner of the fee simple title diminished by Burk's occupation or use of the same, or such part of the same as you may believe from the evidence that he occupied or used, and during such time as you may believe from the evidence that he occupied or used the same after the delivery of the deed for the land by A. G. Morriss to Mrs. Hesse?" The jury answered: $250.00."

Thereupon judgment was rendered in favor of Nellie Hesse against said Morriss for said sum, with interest thereon from January 1, 1913, at the rate of 6 per cent. per annum, and against the heirs of William Hesse, who also had sought a recovery against said Morriss.

Upon the trial appellant, Morriss, offered to prove by Will A. Morriss:

"That he, the said Morriss, acted, throughout the negotiations with William Hesse, for A. G. Morriss in making the deed for plaintiff, Hesse, and that all of his dealings were with William Hesse, the husband of the plaintiff, Nellie Hesse; that when said William Hesse and the said witness were first discussing said deal, the said witness, Will A. Morriss, told the said William Hesse that a man by the name of Burks was on the property subsequently deeded to said Nellie Hesse, living in the house; that he had some sort of crops in the fields, and that as he, the said Hesse, was going up there with Mr. Hixon, the agent who brought said Hesse to the witness, to look at the place and see whether he wanted it, the said witness wanted him to see the occupant, Mr. Burks, and find out from, and agree with, Burks as to when said Burks could get off, as said witness knew that Burks had some crops on there, and it might take him some little time to get off the property, and that said witness would not make the deal with him, except for him to let Burks stay on and get his crops off, or for him, the said Hesse, to deal with Burks as he saw fit; that after Hesse went up there and saw the property he came back, and in the course of a discussion between said witness and said Hesse he, the said Hesse, discussed it with Burks, and that Burks did not have any crops over much of the fields, and that he, the said Burks, said that he could get off what crops he had there—principally cotton—as soon as the cotton was ready to pick, and that this would be satisfactory to him, provided the witness would let the said Hesse and his family occupy the place he was to trade A. G. Morriss on Matamoras street, until such time as he could get possession up there, and he said that would be

satisfactory, as it would take him some time to get possession any way, and the witness told him that he would not let him have the property for the price he was paying therefor, except on his making his own arrangements and assuming any kind of occupancy under Burks; that this was agreed to and understood between said William Hesse and said witness, and that witness agreed that he should keep the place on Matamoras street until such time as he could go up there and get possession from Burks; that such agreement was the understanding, and a part of the consideration at the time of the delivery of deeds, that he should assume the matter of getting Burks off or waiting to take possession until Burks should get off."

[1-3] This testimony was objected to on the ground that it was inadmissible, "in that it tended to alter, vary, change, contradict, and modify the written agreement between the said A. G. Morriss and said Nellie Hesse, as evidenced by the warranty deed executed by said Morriss to Nellie Hesse." This objection was sustained, and by the first assignment of error complaint is made of such ruling. The proposition relied on is that parol evidence was admissible to show that the grantee in the deed had assumed the burden imposed by the tenant's occupancy and took the land subject thereto. The case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, is the only one cited by appellant, and that case is the first one cited by appellees in support of their counter proposition. In that case it was held that in a suit on the covenant against incumbrances it could be shown by parol that the grantee assumed and agreed to pay off a certain debt secured by lien against the land. The holding is in line with many cases decided by courts of other states, some of which are collated in the note on page 229 of L. R. A. 1916E. It will be seen, by reading the editor's note beginning on page 221, that there are many cases holding the contrary. In the case of Johnson v. Elmen the court recognizes the rule that parol evidence cannot be admitted to show merely that the parties orally agreed that a certain incumbrance should be excepted from the operation of a deed, but at the same time held that the effect of a verbal promise to assume and pay off the incumbrance was not to except the vendor's lien notes from the covenant, but to show that as between the parties to the contract the incumbrance had been discharged. It was deemed that the equitable principle should apply that "that is considered as done which ought to be done, and that as between the parties the lien should be held to be discharged." Appellants, in order to bring this case within the rule applied in the case of Johnson v. Elmen, desire to have the possession of the tenant treated as a burden assumed as part of the consideration for the deed. It seems to us, however, that instead of the parol agreement being considered as one involving the assumption of an incumbrance by the grantee, it should be treated as one to the effect that a certain incumbrance is to be excepted from the operation of the covenants therein made. The agreement does not restrict the covenant by adding to the consideration expressed in the deed an obligation on the part of the grantee to pay off a certain debt against the land, which necessitates the construction that the covenant is restricted to the extent that it must be consistent with the consideration, but directly restricts the covenant by adding to the deed, not something agreed to be paid or performed by the grantee, but simply an agreement that the incumbrance created by the possession of the tenant is to be excepted from the general covenant against incumbrances. If this effort to differentiate the agreements in this case from the one in the case of Johnson v. Elmen is without merit, then it occurs to us that it can plausibly be urged that every parol agreement may be shown, regardless of its effect on the covenants of the deed. That a parol agreement to the effect that the grantee bought only a certain estate in the land, or bought subject to certain defects of title, cannot be shown in defense of a suit on the covenants of a general warranty deed is sustained by our decisions. Wells v. Groesbeck, 22 Tex. 429; Bigham v. Bigham, 57 Tex. 238; Warren v. Clark, 24 S. W. 1105; Ord v. Waller, 107 S. W. 1166; Johnson v. Johnson, 147 S. W. 1167. The same rule should, we believe, apply when it is sought to show by parol that the grantee bought subject to the right of possession of a tenant of the grantor. An unexpired lease not only constitutes an incumbrance, in that it entitles the tenant to a right or interest to the diminution of the value of the land conveyed, but in addition it prevents the grantee from obtaining the possession to which he is entitled under the terms of his deed, and therefore it seems, in view of the general warranty, that there is also a breach of the covenant for quiet enjoyment. Williams v. Turner, 50 Tex. 137; Jones v. Paul, 59 Tex. 41.

The case of Burroughs v. Pate, 166 Ala. 223, 51 South. 978, is very similar in its facts to this case. The Supreme Court of Alabama held that if the parol testimony reduces the estate conveyed, or limits or restricts the unqualified use and enjoyment of the land conveyed, it is inadmissible. See, also, O'Connor v. Enos, 56 Wash. 448, 105 Pac. 1039; Simons v. Diamond Match Co., 159 Mich. 241, 123 N. W. 1132; Anthony v. Rockefeller, 102 Mo. App. 326, 76 S. W. 491.

Had it been alleged and proven that the Hesses actually received benefits under the parol agreement, an element of estoppel would have been introduced into the case, which would probably be sufficient to prevent

a suit on the covenant, but it is only alleged and was only sought to prove that appellant agreed that the Hesses might occupy certain premises in San Antonio, which they conveyed as part of the consideration for their conveyance. It was not alleged nor sought to be proven that the Hesses actually occupied the premises on Matamoras street after the deal was closed. The testimony excluded related wholly to negotiations preceding the execution of the deed. Had the testimony been to the effect that an agreement was made subsequent to the delivery of the deed by which, in consideration of the agreement permitting the Hesses to occupy and use the Matamoras street property until they could obtain possession of the premises conveyed them, it was agreed by them that the incumbrance existing by virtue of the unexpired lease should not be relied on as a breach of the covenants in the deed, a different case would have been presented, one in which a claim existing because of breach of a covenant was canceled for a valuable consideration. There are cases in which a written assignment of the lease has been made, and of course, such assignment and the deed being construed together for the purpose of ascertaining the terms of the written contract, it was held in such cases that the grantee bought subject to the lease, and could not sue for breach of covenant.

[4] In some cases premises are purchased because of the existence of a good lease thereon. In such cases there is a breach of the covenant, but it may not occasion damages; for what the grantee receives from the tenant may be the full rental value. If the grantee collects lease money from the tenant or receives part of the crops in lieu of lease money, it is obvious that what he receives is chargeable against him in offset to his claim for the value of the use of the land during the time he is deprived thereof. It appears to us that in some instances the courts have confused the issue of whether any actual damages were suffered with the issue whether the covenant was breached.

We conclude that the court did not err in excluding the testimony.

[5] Appellant also complains because the court allowed interest on the amount found by the jury in answer to the question submitted. No authority is cited by appellants, and we believe none can be found to support their contention. We have had occasion to read many cases in passing on the first question, and in all, in which the issue arose as to the measure of damages, interest was allowed. In this case, the court allowed no interest up to the time of the death of Wm. Hesse in 1912, evidently on the theory that it was community property, but did allow Mrs. Hesse interest from that time on.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes