140 So. 369

## INGRAM v. ROBERTS, EUTHER & CO.
### 7 Div. 107.

Supreme Court of Alabama.

March 10, 1932.

Scott & Dawson, of Ft. Payne, for appellant.

Street & Bradford, of Guntersville, and Haralson & Son, of Ft. Payne, for appellees.

FOSTER, J.

The bill in equity was filed in this case by appellee. It alleged, in substance, so far as necessary here to recite its features, that on April 21, 1930, L. G. Holbrooks and wife conveyed certain land to complainant, and at the same time complainant leased the land to Holbrooks for the current year for a stip-

ulated sum of money; that thereby complainant obtained a statutory lien on all crops grown that year. It alleged that Holbrooks had rented the land in part to tenants, and he, himself, cultivated some of it; and that, by the conveyance to complainant, it became invested with the landlord's lien of Holbrooks against the various tenants.

Some of such tenants, with Holbrooks as security, and he on his own act, thereupon obtained advances from complainant and executed chattel mortgages on their crops to secure them.

██ The bill sought to enforce the landlord's lien for the rent due by Holbrooks and to foreclose the chattel mortgages. For each of such purposes it had equity, notwithstanding there may have been other remedies available at law. (As to landlord's lien) section 8935, Code; Russell v. Thornton, 216 Ala. 60, 112 So. 347; Price Hardware Co. v. Meyer, ante, p. 35, 138 So. 543; (to foreclose chattel mortgages) Butler v. Henry, 202 Ala. 155, 79 So. 630.

The bill alleged, among other things, that P. C. Ingram purchased large amounts of cotton grown on the land and otherwise seized and converted a large number of bales of such cotton and destroyed complainant's lien and title; that Ingram deposited to complainant's credit in bank a part of the value of such cotton as rents, the amount of which complainant acknowledges credit, but that it does not know and cannot ascertain the exact amount of cotton and seed thus converted by him, and seeks a discovery of the same from him, and a decree against him for its value. It also makes somewhat similar charges against various others alleged to have purchased from Holbrooks, or his tenants, amounts of the crops to which the lien extends, also a discovery from each of them.

It also sought and obtained an injunction against them all from disposing of such as they had on hand, and for complete relief, and to secure in effect a marshaling of the crops so as to cause full payment of the rent and advances to complainant and at the same time adjust the equitable rights of the several tenants, and purchasers from them in a manner consistent with the lien and title of complainant.

P. C. Ingram was the only respondent who demurred to the bill, and, upon the demurrer being overruled, he has prosecuted this appeal.

██ The bill does not show that Ingram purchased the crops under a mortgage made to him by the grantor before the conveyance was made to complainant, and therefore it is not, as appellant contends, controlled by Shows v. Brantley, 127 Ala. 352, 28 So. 716, or Mecklin v. Deming, 111 Ala. 159, 20 So.

507. Nor does it show that, if a mortgage had been made by one of the tenants of Holbrooks before such conveyance, it was not subject to the landlord's lien on such crop to the extent of the amount the tenant (mortgagor) had agreed to pay as rent to Holbrooks. For, by the conveyance of the land to complainant by Holbrooks, there was a conveyance by the landlord of the reversion prior to the maturity of the rent, which assigned to complainant the right to collect such rent. Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52; Davis v. Reed, 211 Ala. 207, 100 So. 226; Tubb v. Fort, 58 Ala. 277.

But, coincident with the conveyance to complainant by which such assignment was effected, Holbrooks rented the entire tract from complainant for the current year. That circumstance limited the amount complainant could recover for rent to a sum equal that to be paid him by Holbrooks, and the right to collect the amounts of rent which Holbrooks' tenants had agreed to pay was in the nature of security to that extent. But, on the face of the transaction, Ingram and the other purchasers were subordinate in priority to the lien on the crops of the tenants, if they had notice of such lien. There was no demurrer to the bill on the ground that it did not allege notice to Ingram of such lien, and no such argument is here made.

The bill shows that complainant has a lien on the crops, and seeks to enforce it by this proceeding, and for that purpose it has equity.

Appellant contends that the bill is multifarious, because the several purchasers of portions of the crop, of whom he is one, have no connection with each other, and that the claim against each is of the nature of a separate and distinct cause of action. But that contention loses sight of the chief purpose of the bill, that is, to collect a debt due by Holbrooks to complainant for rent and all else is incidental or collateral to that. Under such circumstances, and to accomplish that purpose, separate claims against different persons may be jointly pursued in equity. Butler v. Henry, supra, and authorities there cited.

The foregoing discussion shows the contentions made on this appeal, and, not being in accord with the views of appellant pertaining to them, we think the decree overruling his demurrer is correct, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.