14 So.2d 374

## McCALL v. MORGAN et al.

### 4 Div. 273.

Supreme Court of Alabama.

June 24, 1943.

J. W. Hicks, of Enterprise, and P. B. Traweek, of Elba, for appellant.

Yarbrough & Beck, of Enterprise, for appellees.

BOULDIN, Justice.

This case presents for decision the conflicting claims of vendor and purchaser of real estate to rents, payable by the tenant under rental contract with the vendor, and maturing subsequent to the conveyance of the property to the purchaser. The deed, of date February 5, 1941, conveyed to the purchaser a present title in fee with full covenant of seizin, freedom from encum-

brance, and warranty of title. There was no reservation of rents in the deed. The tenant had held over from the previous year with a verbal understanding he should have a preferred option to purchase the property.

Pending negotiations between the vendor and purchaser, the right of the tenant to purchase or to rent the lands for 1941 on a money rent basis of $250 was made known to the purchaser, and the consummation of the deal held up to await the plans of the tenant. The tenant deciding to rent and not to purchase, the vendor took his rent note for $250, dated January 31, 1931, payable to the vendor October 15, 1941. The vendor retained the note.

Both vendor and purchaser claiming the rent at maturity led to filing a bill of interpleader by the purchaser, claiming the rent passed to him under his deed.

The vendor, by answer, claimed the rent was reserved. By separate pleading setting up her claim she alleged: "Respondent avers that prior to the 5th day of February, 1941, she rented the land described in the original bill of complaint to Henry Bradley for the sum of $250.00 and that the said Henry Bradley executed to her a rent note for said sum of money, that as a part of the consideration for the deed to said premises executed by respondent to L. B. McCall the rent in the amount of $250.00 was reserved to her. That the said L. B. McCall well knew that the rents for the year 1941 were reserved by the respondent as a part of the consideration for said deed, and that the first time the said L. B. McCall made any claim to said rents was some time in July, 1941."

The evidence, taken before a commissioner, subject to all legal objections, is in sharp conflict touching the agreed purchase price for the lands. The version of the vendor is that the price agreed upon was $2,500; that the cash payment of $1,100, the assumption of an outstanding mortgage of $1,100.29, and payment of the taxes of 1941, all recited in the deed, represented $2,250 of the agreed price, and it was agreed that she should receive the rents in satisfaction of the balance, $250; all this prior to or contemporaneous with the deed.

The theory of the purchaser is that the agreed price was $2,250, fully represented by the items mentioned in the deed; that he knew nothing of the rent note at the time the deed was executed, that it was

not reserved, and in fact there was no balance of $250 purchase money to be satisfied by the rent.

■ A deed of conveyance passing a present title in fee simple carries the right of immediate possession, use, and enjoyment. In the absence of a reservation in the deed it passes title to rents thereafter accruing under an existing rental contract between the vendor and his tenant in possession. The rent is incident to the estate granted, may be recovered from the tenant without attornment; the law raises a privity between purchaser and tenant, or, as sometimes stated, the covenant to pay rent runs with the land.

Parol evidence of a reservation of rent by the vendor is inadmissible. This for the reason that such evidence contradicts and varies the legal effect of the deed; it diminishes the estate granted; reduces it from the present grant of a fee with all its incidents to an estate to be enjoyed in futuro, or, otherwise stated, retains in the vendor a present interest, the usufruct of the property pending the tenancy. Burroughs v. Pate, 166 Ala. 223, 51 So. 978; Able v. Gunter, 174 Ala. 389, 57 So. 464; Ingram v. Roberts, Euther & Co., 224 Ala. 314, 140 So. 369; Greenwood v. Bennett, 208 Ala. 680, 95 So. 159; Wise v. Falkner, 51 Ala. 359; 32 C.J.S., Evidence, § 956, pp. 887, 889, 890; 16 Am.Jur. p. 686; 32 Am.Jur. p. 360; 66 C.J. 1040.

Our cases of Burroughs v. Pate and Able v. Gunter, supra, are clear to the effect that, while, in general, the consideration for a conveyance of land is subject to parol evidence of a further valuable consideration than that recited in the deed, this rule does not open to parol proof a reservation of rents as part consideration. This for the reason, as above indicated, such proof is in conflict with the legal effect of the deed. Such a rule would open the door to parol reservation of rents in all cases. Accurately speaking, from a legal standpoint, an express reservation of rents in the deed cannot be regarded as part payment of the purchase price. However worded, the effect is to cut down the estate granted, reducing the estate conveyed to the extent the usufruct of the property is reserved to the vendor. The security of titles to lands carefully safeguarded by the law is the basic reason for these rules. They should be rigidly adhered to. No question of severance of rents by assignment of rent notes to a third person prior to the conveyance of the reversion is here involved. Wooten v. Vaughn, 202 Ala. 684, 81 So. 660.

■ The trial court rendered his decision, however, on another and different theory. We quote from his decree: "Both parties also state in their briefs that the only issue to be decided is whether the consideration for the sale of the land involved was $2,500 or $2,250, complainant stating in his brief as follows: 'In this case it really makes no difference whether Mrs. Morgan severed the rents or not, as, if the consideration were $2500.00, she would be entitled to $250.00 more than she has received, the amount of rent paid for the land by Mr. Bradley for the year 1941, and if she did not get the rent she would have a vendor's lien against the land for said amount, as $250.00 would be the balance owing her under her contentions as to consideration.' Therefore, the court will adopt the same theory, and decide that single issue of fact."

We see nothing amiss in the proposal of complainant's counsel to settle the whole matter, all the evidence being before the court. The purchaser would gain little by recovering the rent money, under the parol evidence rule, and be then confronted with a suit for a like sum as a balance of purchase money still unpaid. Neither is the court to be criticised for acceding to the proposal and rendering his decree accordingly; both parties agreeing that was the real issue in the case.

This brings us to the difficult task of passing on the issue of fact thus submitted to and decided by the trial court. By statutory rule we must pass upon the issue upon a typewritten record, indulging no presumptions in favor of the conclusion of the court below.

■ The consideration recited in the deed is: " * * * the sum of Eleven Hundred Dollars and other consideration Dollars to me in hand paid by L. B. McCall, the receipt whereof is hereby acknowledged, * * *." Then, following the description of the property, appears the following:

"L. B. McCall is to pay off mortgage to Metropolitan Life Ins. Co., on this land, and pay taxes due in 1941.

"Said mortgage balance being $1100.29"

While these latter items may be regarded as contractual in character, not to be varied by parol evidence, this does not cut off parol evidence of other valuable con-

sideration. Parol evidence was admissible to show the three items mentioned in the deed did not cover the entire purchase price.

■■ We have given careful consideration to the whole evidence on this issue in the light of all the circumstances and arguments of counsel. It is in direct conflict. No one can determine with certainty who is right and who is wrong. We deem the evidence of complainant, the purchaser, the more persuasive. It is such a case as should be resolved against the party carrying the burden of proof. The burden was on the vendor to show other considerations than specified in the deed, and what such consideration was. We hold she has not met that burden.

It follows the decree of the court below must be reversed, and one here rendered awarding the fund in court to the purchaser.

The costs of suit in the court below and the costs of appeal in both courts will be taxed to respondent below, appellee here, namely, Mrs. Morgan.

Reversed and rendered.

GARDNER, C. J., and LAWSON, J., concur.

FOSTER, J., concurs in the result.

FOSTER, Justice (concurring in the result).

I am not prepared at present to concur in the conclusion that the principle declared in Steed v. Hinson, 76 Ala. 298, has been abandoned in this state. The effect of the discussion in the opinion is that that case is not now authoritative. I want to reserve my concurrence in that result until the question is directly involved. Not so here, as the case was tried. Otherwise I concur in the opinion.