## LATHAM v. MILLER et al.

### No. 10056.

Court of Civil Appeals of Texas.
Austin.

June 18, 1952.

Rehearing Denied July 9, 1952.

Robinson & Robinson, Mary Lou Robinson, Amarillo, for appellant.

Coleman Gay, Austin, for appellees.

GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

Appellees, residents of Travis County, sued appellant, a resident of Potter County, to cancel an agricultural lease contract whereby appellees leased to appellant 'agricultural lands located in Deaf Smith County. The lease was for a term of five years beginning January 1, 1952, and ending December 31, 1956, with the option to appellant to renew .the lease for two additional periods of five years each. The lease also gave appellant the right to collect the rentals for the year 1951, and to apply the same toward the payment for drilling a well for irrigation of the land. As grounds for cancellation of the lease appellees alleged that it was procured by false and fraudulent representations made by appellant in Travis County. Appellees sought a judgment against appellant cancelling the lease, for recovery of the 1951 rents collected by him, enjoining him from collecting further rent, and "for all other damages they have sustained by ' reason of the facts hereinabove set out."

Appellant's statutory plea of privilege urged exception 14 of Art. 1995, Vernon's Ann.Civ.Stat., and prayed that the cause be transferred to Deaf Smith County.

■ Appellees relied on exception 7 of Art. 1995, supra, to sustain venue in Travis County.

Exception 14 provides:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon· the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The parties agree that .if exception 14 is applicable to the facts here, it is mandatory and, as to venue in this cause, will control over exception 7. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333.

■ The lease contract was duly executed by the parties and, by its terms, conveyed to appellant the leasehold estate for the primary term of five years with the option to appellant to extend it for two additional terms of five years each. The land that is the subject matter of the lease contract is located in Deaf Smith County. It therefore is clear that the question to be determined is: Was the purpose of appellees' suit "to remove incumbrances upon the title to land"?

In City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, 454, Moore sued the city to recover money paid for the conveyance to him of a royalty interest in land owned and used by the city as an airport. The city had purchased the fee-simple title to the land and had paid for it from the proceeds of bonds voted and .issued for the purpose of acquiring an airport. Moore asserted this constituted a servitude on his title and pleaded a general warranty and an implied covenant against incumbrances under Art. 1297, Vernon's Ann.Civ.Stat. The Court said:

"Webster's New International Dictionary defines the word 'incumbrance,' when used as a legal term, as follows:

" 'A burden or charge upon property; a claim or lien upon an estate, which may diminish its value; specif., any interest or right in land existing to the diminution of the value of the fee, but not preventing the passing of the fee by conveyance.'

"In 42 C.J.S., Incumbrance or Encumbrance, p. 549, the term is further defined in this manner:

" 'While it has been said that the word has no technical meaning, is not one of the terms of the law, and no definition of it will be found in the older books, yet it has also been said that it has now a fixed and definite meaning; and within the present century it has been defined to be every right to, or interest in, the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance; anything that impairs the use or transfer of property or real estate; a burden on land, depreciative of its value, such as a lien, easment, or servitude, which, although adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee; a burden or charge on property; an estate, interest, or right in lands, diminishing their value to the general owner; a paramount right in, or weight on, land which may lessen its value; a legal claim or lien on an estate, which may diminish its value. The definitions, substantially as given above, have received judicial approval.'

"In City of Dayton v. Allred, 123 Tex. 60, 68 S.W.2d 172, 178, 179, this court, in holding that a mortgage on the income of a waterworks plant for thirty years was an incumbrance, said:

" 'It has been held that the term "incumbrance" is more comprehensive than the term "lien." It includes liens, and any other burden resting on the property itself, or on its title, which tends to lessen its value, or interfere with its free enjoyment. First Church of Christ, etc., v. Cox, 47 Ind.App. 536, 94 N.E. 1048.

" 'A mortgage on the income of a waterworks plant for thirty years would not prevent the passing of the fee by conveyance, but it would certainly constitute a burden or charge on the property which would diminish its value and interfere with its free enjoyment. Such a mortgage is therefore an incumbrance on the plant.' "

The lease on the land, of course, would not prevent a conveyance of the fee but it is certain that for a period of five years, and if the option therein given is exercised then for a total of fifteen years, it constitutes a burden or charge on it and a right and interest in it. It would diminish its value and interfere with its free enjoyment and possession to which appellees as the owners are entitled. Morriss v. Hesse, Tex.Civ.App., 210 S.W. 710—holding a lease contract to be an incumbrance. The cause was reversed on other grounds, Morriss v. Hesse, Tex.Com.App., 231 S.W. 317, wherein the Court said:

" 'For the purposes of this appeal, the cause of action thus asserted may be said to have been one based upon the covenant against incumbrances in the deed from said A. G. Morriss to Nellie Hesse, implied from the use of the words 'grant and convey' and a general warranty of title, which covenant was alleged to have been breached by such failure to deliver possession.' "

The parties have treated the injunction proceeding as purely ancillary to the main cause and no point as to that phase of the proceeding is made relative to the venue question.

Under excepton 14 the venue facts are: (1) The nature of the cause of action alleged, and (2) the location of the land. The cause of action pleaded by appellees against appellant sought the cancellation of the lease contract. This lease contract, admittedly executed and apparently valid, constituted an incumbrance on appellees' title to land located in Deaf Smith County. The character of the suit, as determined from the allegations of appellees' petition, is necessarily for the removal of the incumbrance and fixed venue in the county where the land is located. Texas Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Allison v. Yarborough, Tex. Civ.App., 228 S.W.2d 930; J. M. Radford Grocery Co. v. Duncan, Tex.Civ.App., 67 S.W.2d 463.

The judgment of the trial court overruling appellant's plea of privilege is reversed and judgment is here rendered sustaining the plea and ordering the cause transferred to the District Court of Deaf Smith County.

Reversed and rendered.